## H. C. CHILDS ET AL. v. D. F. ROWELL.

1. APPEAL. *To Supreme Court. Return-days. Act of 1874.*

Under an act approved February 6, 1874, "in relation to appeals and writs of error," an appellant, having taken an appeal to this court after a term had commenced, or within less than ten days before its commencement, had the option, except in case of appeal in chancery granted in open court, to make his writ returnable to the day of that term fixed by law or the order of court for taking up the docket of his district, or to the first day of the term next ensuing.

2. SAME. *Supreme Court. Return-days. Sect. 1402, Code of 1880.*

By sect. 1402 of the Code of 1880, two return-days of equal dignity are established for this court, to-wit: the first day of the term and the day fixed for taking up the docket of each of the several districts. And if an appeal be taken after a term of this court has commenced, or within ten days before the commencement thereof, it must be made returnable — except when the appeal, being in chancery, is granted in open court — to the day for taking up the docket of the district whence the appeal comes, unless less than ten days will intervene before that day.

3. SAME. *In chancery proceedings. Granted in open court. Return-day.*

Where an appeal in a chancery proceeding is granted in open court, before the commencement of a term of this court, it is returnable to the first day of such term, even though less than ten days will intervene, no citation being necessary in such case. This was the law prior to the operation of the Code of 1880, and is still the law.

MOTION in Supreme Court.

The character and ground of the motion are stated in the opinion of the court.

*L. Brame*, for the motion.

"The first day of each term, or the day designated by law or by order of the court for taking up the docket of a district, *shall* be the return-day." Code 1880, sect. 1402.

Sect. 2345 then provides for ten days' notice to the appellant; and sect. 2344 requires the clerk, when the law has been complied with, to make and transmit immediately to the clerk of the Supreme Court the transcript.

To give effect to all these provisions, the necessary construction is that an appeal must be made returnable to the first day of the next succeeding term after it is taken, provided ten days shall intervene. If the term has begun, or if there shall not be ten days before the first day, the process shall be returnable to the day on which the docket of the district is taken up.

*Thomas Spight, contra.*

CHALMERS, C. J., delivered the opinion of the court.

The appeal was prayed before the circuit clerk of Tippah County on the eleventh day of November, 1880. No transcript of the record having been applied for, a certificate of that fact is presented to us by the appellee, and we are asked to docket and dismiss the case in accordance with the provisions of sect. 1416 of the Code of 1880.

Under the act of 1874 (Sess. Acts, p. 27), the appellant, who sued out his appeal after a term of this court had commenced, or within less than ten days of its commencement, had the option to make his writ returnable to the day during the current term fixed by law or by order of court for taking up the docket of his district, or to make it returnable to the first day of the term next ensuing thereafter.

This is changed by the provisions of sect. 1402 of the Code of 1880, by which two return-days of equal dignity are established for this court, to-wit: the first day of the term and the day fixed for taking up the docket of the district from which the appeal comes. Inasmuch, therefore, as the appellant cannot pass a return-day, but must make his writ returnable to the next ensuing one that is practicable, it follows that if the appeal is prayed after a term of this court has commenced, or within ten days before it will commence, it

must be made returnable to the day for taking up the docket of the district, unless less than ten days will intervene before that day. The appeal, therefore, in this case was returnable to the first Monday in January, 1881, that being the day fixed by law for taking up the docket of the Third District. No transcript of the record having been presented here at this time, and we being now advised that none was applied for below, the motion to docket and dismiss is sustained.

Where an appeal in a chancery proceeding is prayed and granted in open court, it is returnable to the first day of our term, even though less than ten days will elapse before the commencement of that term, because in such case no citation to the opposite party is necessary. *New York Hospital* v. *Knox*, 57 Miss. 600. But, of course, if our term has already commenced, then, even in this class of cases, the appeal must be returnable to the day fixed for taking up the docket of the district.