## J. B. BAIRD *v.* ANN E. BARDWELL ET AL.

1. RES ADJUDICATA. *Chancery practice. Dismissal of bill upon motion of defendant Effect.*

The complainant in a suit in chancery, after filing his bill, became lax in the prosecution of his suit. The defendant, having answered and taken some testimony, had the complainant cited to appear and prosecute the suit. The complainant failed to appear on the day appointed for his appearance in the citation. Thereupon the defendant had the case set down for final hearing, and a decree therein was rendered in the following language: "This cause coming on this day to be finally heard, and the said complainant in person or by counsel failing to appear, after being duly called, on motion of counsel for defendant, it is ordered, adjudged, and deceed that the said bill be and the same is hereby dismissed." Subsequently another bill was filed, with the same parties, upon the same cause of complaint, and with the same prayer. To this bill the defendant pleaded the decree in the former suit as a bar. *Held,* that the decree in the former suit shows that the case was not heard on its merits, but was dismissed for want of prosecution; and such decree is not a bar to this suit.

2. SAME. *Chancery practice. Default of complainant. Rights of defendant.*

If the defendant in the former suit above referred to had desired to obtain a decree, which he might plead in bar of a subsequent suit, he should have submitted the case upon its merits, as he had his election to do that or to move for a dismissal for want of prosecution.

APPEAL from the Chancery Court, of Sunflower County.

R. B. CAMPBELL, Esq., Special Chancellor, by agreement of parties, Hon. W. G. Phelps, being disqualified to preside, because a solicitor in the case.

In April, 1873, Anne E. Bardwell and others filed a bill in chancery, against J. B. Baird and others. The defendants answered the bill, and took testimony to sustain their defence; but the case was not pressed by the complainants, and on the 5th of March, 1879, the defendants caused citations to issue to

the complainants' solicitors, commanding them to appear on the first Monday of April, 1879, and prosecute their suit. The citations were duly served. At the April term of the court, on a day subsequent to the first Monday of the month, the cause was set down for final hearing, by order of the defendants ; and on the same day a decree was rendered therein in the following language : " This cause, coming on this day to be finally heard, and the said complainants in person, or by counsel, failing to appear after being duly called, on motion of counsel for defendants, it is ordered, adjudged, and decreed that the said bill be, and the same is hereby dismissed," etc. On the 11th of October, 1880, the same complainants filed the bill in this cause against the same defendants, and some others, based upon the same allegations, and praying the same relief as the bill filed in 1873, and dismissed as above stated. J. B. Baird, one of the defendants, filed a plea to the bill, setting up the decree in the former suit as a bar to the prosecution of this suit. The case was submitted for hearing on the bill and plea, and the court rendered a decree declaring the plea to be no defence to the bill, and requiring the defendants to answer. Therefore, J. B. Baird appealed to this court.

*J. W. Phelps*, for the appellant.

The bill was not dismissed for " want of prosecution," but was dismissed as the decree recites, upon final hearing, upon a verbal motion of defendant for a decree final. The defendants were entitled to that decree beyond any question, because the complainants had no testimony whatever in support of their bill, while the defendants furthermore fully supported their affirmative defence, and the recital of the failure of complainants to appear was-wholly immaterial, as a discussion of the merits is not necessary to make a final decree a bar, but a dismissal merely for want of evidence, is sufficient. See 1 Dan. Ch. Pr. 659. The case having been set for final hearing, and complainants notified by order of court, at a previous term, to appear at the time, and the decree itself

reciting that it was made, not on motion to dismiss for want of prosecution, but upon a final hearing, it must be presumed that the defendants' motion was for the full relief they were entitled to under the attitude of the cause, which was a decree final for want of any evidence in support of the bill, and because of the evidence sustaining the defence. In support of my position, I refer to the following authorities: Freem. on Judg., sect. 270a, also sect. 270; *Ogsbury* v. *La Farge*, 2 Comst. 113; *Byrne* v. *Frere*, 2 Mol. 157; *s. c.*, 12 Ch. Rep. 391; 1 Dan. Ch. Pr. 659, 979, 790, 794, 994; *Rumbly* v. *Stanton*, 24 Ala. 712; *Rochester* v. *Lee*, 1 Mac. & G. 467, 469, 470; *Barrowscale* v. *Tuttle*, 5 Allen, 377; *Foot* v. *Gibbs*, 1 Gray, 413; *Cummins* v. *Bennett*, 8 Paige, 79; *Searles* v. *Jackson*, 3 Stockt. 45.

*T. C. Catchings* and *L. Brame*, on the same side.

The bill was dismissed without any order that it should be without prejudice. This was clearly a final decree in favor of the defendant and concludes the complainants. If the complainants desired that the dismissal should not have this effect, they should have been present through their solicitor and asked the court to enter the order without prejudice. But as the case stood, if the complainants had been present they could not have dismissed the bill without prejudice against the consent of the defendant. In such case, the defendant has a right to insist that the cause shall be finally disposed of. It is true the court may, after hearing the pleadings and evidence upon some equitable view of the case, decree that the dismissal shall be without prejudice, even against the consent of the defendant. But that is after the court has examined the merits. If, in such case, the pleadings and proofs are not heard, and the complainant, of his own say so, dismisses his bill, the dismissal operates as an adjudication. If the complainant, being in court, could not dismiss the case without prejudice, is he to enjoy the privilege of having this done for him in his absence, and is the defendant to be put in a worse attitude because of the default of the complainant? If so,

the complainant could do indirectly what he could not do directly. In all such cases he could simply remain away from court and thus secure a dismissal without prejudice when his proof is incomplete.

*Percy & Yerger*, for the appellees.

To constitute a bar the former decree must have been on the merits. If it was for want of prosecution it is no bar. Story's Eq. Pl., sect. 793 ; *Morrill* v. *Matthews*, Walk. (Miss.) 377 ; *Porter* v. *Vaughn*, 26 Vt. 624 ; *Rosse* v. *Rust*, 4 Johns. Ch. 300. We can only look to the record to ascertain whether the decree was on the merits or otherwise, and it is conceded that if it is simply a decree of dismissal, and nothing more appears, it will be presumed to be on the merits. But in this case it is apparent from the record and the face of the decree, that the former suit was dismissed for want of prosecution. First, citations were issued to complainants, requiring them to appear at the next term of court and prosecute their cause, and then came the decree, reciting the fact that they were called, that they failed to appear, either in person or by counsel, and that on motion of counsel for defendants, the bill was dismissed. It was dismissed, not upon a hearing of the cause, but upon motion and because complainants failed to appear. It can make no difference that the cause was ready for hearing, because if it had been heard on its merits the chancellor might have rendered a different decree. The matters in controversy were in no way decided or passed upon.

*Frank Johnston*, on the same side.

The principle that the rule of *res adjudicata* rests upon, is that the questions in dispute between the parties have been considered and determined in the former suit. That a question " once litigated and determined " is to be at rest. *Foote* v. *Gibbs*, 1 Gray, 412. And I may admit that a general dismissal, without any qualification, is presumed to have been on the merits. But the decree now for construction, shows very clearly that the cause was not heard on its merits, but the

dismissal was on " motion of the defendants, the complainant failing to appear." Where the decree shows on its face, or the record makes it apparent, that the dismissal is not on the merits of the cause, then it is not a bar to a second suit. Freem. on Judg., sect. 270 ; *Rosse* v. *Rust,* 4 Johns. Ch. 300. In *Porter* v. *Vaughn,* 26 Vt. 625, the court construed the former decree to have been " for the want of an appearance and prosecution by the orator," and said : " Under such circumstances the dismissal of the bill will be the same as a non-suit at law, and will be no bar to a subsequent bill for the same matter."

COOPER, J., delivered the opinion of the court.

A matter once adjudicated between the parties by a court of competent jurisdiction is finally and conclusively settled, and in any subsequent suit for the same cause, the defendant may plead in bar the former judgment or decree. The reason is obvious. If the first judgment is not to be conclusive, neither would be the second, nor the third, nor any number, and there would be no end to litigation. But the rule is not applicable, save in those cases in which, in the first suit, an issue has been determined in which the merits of the controversy were, or might have been, tried.

In *Byrne* v. *Frere* 2 Mol. 157 (12 Exch. Rep. 391), it was said : " There is a difference between a mere dismission for want of prosecution, and when the plaintiff, having struggled for more time, the court has, after publication, dismissed the bill. That approaches to adjudication." To the same effect is *Ogsbury* v. *La Farge,* 2 Comst. 113. We cannot follow these decisions. It is not from an *approach* to adjudication, but from adjudication itself, that the protection arises.

In Dan. Ch. Pr. 609, the author, having stated the rule to be as above, adds that " under the present practice, if the plaintiff, after the cause is set down to be heard, causes the bill to be dismissed on his own application, or if the cause is called on to heard by the court, and the plaintiff makes default, and by

reason thereof the bill is dismissed, such dismissal, unless the court otherwise orders, is equivalent. to a dismissal on the merits, and may be pleaded in bar to another suit for the same matter," and cites in support order thirty-three of the English Chancery Court.

The American editor of Cooper's Daniell's Chancery Practice, seems to adopt this as a statement of a general rule, and adds as citations of authority the American cases of *Cummins* v. *Burnet*, 8 Paige, 79 ; *Kers* v. *Jackson*, 3 Stockt. 45, and *Burkly* v. *Stainton*, 24 Ala. 712. These authorities do not touch the proposition, but refer wholly to a different question. The decree in this case, we think, shows that the cause was not heard on its merits in the first suit, but was dismissed when called for final hearing, on the motion of the defendant, because the plaintiffs failed to appear. The absence of the complainants in no degree affected the right of the defendants to submit the case for final hearing — they had the right to do this, or to have it dismissed for want of prosecution. Having elected the latter course, the result is that the complainants were not thereby barred of another suit.

The decree is affirmed.