TALLEY *v.* TALLEY.

[66 South. 328.]

1. PARTITION.  *Sale.  Confirmation.  Judgment.  Decree of dismissal.  Res judicata.  Right to protection.  Objections.*
    Where tenants in common filed a bill for partition of a homestead, without joining the widow of their ancestor, from whom they claimed the property, in the suit, and charged that the land was ·incapable of division in kind, and prayed for a sale of the same and after decree was entered in accordance with the prayer of the bill, but before the sale of the lands was confirmed, the widow filed an intervening petition, praying that the sale be· not confirmed, it was improper for the court, on dismissing such petition for want of prosecution, to decree a confirmation of the sale, and attempt to adjudicate the widow's rights in the property.

2. SAME.
    In such case the dismissal of the widow's petition did not bar her right to maintain a subsequent suit to prevent a sale of the land.

3. PARTITION. *Right to protection. Objection by widow.*
    Since under section 1659, Code 1906, a homestead cannot be sold
        without the widow's consent, the decree ordering and confirming
        the sale thereof should be vacated, and the original bill, praying
        for sale should be dismissed.

APPEAL from the chancery court of Winston county.
HON. J. F. McCOOL, Chancellor.

Bill by Rhoda Talley against Steve Talley. From a decree dismissing the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*H. H. Rodgers,* for appellant.

The evidence shows that Allen Talley, the deceased husband of appellant, died some ten or twelve years ago, and at the time of his death he and appellant, his lawful wife, were occupying the said land in question, as their homestead and that the appellant, the lawful widow of Allen Talley deceased, has lived on the land ever since the death of the said Allen Talley. Now the next proposition of appellees is whether or not the appellant agreed or consented to have the land sold under the bill of partition. The evidence shows that the appellant never consented in any way for said bill to be filed, and the proof further shows, that the appellees first undertook to sell the land under the pretended deed, from A. Ward's heir to Allen Talley's heirs, excluding the appellant, leaving her entirely out of the division of the said estate, with her stepchildren. Now up to that time the appellant had not in any way, by her silence or otherwise, agreed that said land should be sold, for she was not a party to said suit, and that on the day of sale according to Mr. Hopkins' evidence, the appellant never appeared or agreed for said land to be sold, but the evidence shows that she sent her son, Henry Graham, for the specific purpose of forbidding said sale. He had no right to agree to it, in fact he could not agree to it, because he had no authority whatever to do so, and the land on the day of the sale

was not bid off by an innocent purchaser, but by one of the appellees who was advised of all the facts and circumstances and who first attempted to have the homestead sold, leaving the appellant out entirely.

The appellant as shown at the time, in open court on November 7, 1910, when appellees undertook to have the partition sale confirmed, filed her objections, and they were sustained and the court decreed that the appellee have sixty days to answer said written objections, of appellant; then appellant up to that time was objecting to said sale, as best she could. Now on February 2, 1911, appellees filed their answer to appellant's written objections, and at the very next term of court, with no agreement with counsel for appellant, in attendance upon that term of court on September 27, 1911, in the temporary absence of the appellant's counsel from the court room, the appellee's counsel took a decree *pro confesso* against the appellant dismissing her written objections, and confirming the sale, of the commissioner, and up to that time, and even up to the present time the said Steve Talley, has never paid one cent of his bid, and the sale was for cash, hence the sale is absolutely void.

The appellant filed on January 5, 1912, her bill asking that the sale and all the decrees thereunder be declared void, and as the vendee, Steve Talley, had never paid one cent of his bid, the purchase price of said land, and the said land was still in the possession of appellant as her homestead, that appellees filed their answer to appellant's bill, on March 21, 1912, and the cause was heard in open court upon oral and record evidence, by agreement, and to the surprise and chagrin of appellant's solicitor, the chancellor rendered a decree for the appellees confirming said sale, and sustaining the *pro confesso* decree, against the appellant. The lower court erred grievously in sustaining the contention of appellee, for to contend that you can subject a homestead, occupied by the widow during her widowhood, without her consent, to a division

under a bill of partition, filed by the heirs in the direst nonsense. *Moody* v. *Moody,* 86 Miss. 323, 28 So. 322; *Dickerson* v. *Leslie,* 94 Miss. 627, 47 So. 659.

*L. H. Hopkins,* for appellee.

It will be seen that this record contains two separate and distinct suits by reason of the fact that the whole file of the first suit is made an exhibit in the case at issue. So this exhibit which is a part of the answer of appellee is placed first in the record and same is continued to page 14 at which place the original bill of Rhoda Talley begins one page 15 of this record.

Appellee shows, among other things, by his answer and said exhibit, that a decree was granted by the court ordering sale of land on April 5, 1910, on page 2; that land was sold September 5, 1910, page 3; that Rhoda Talley filed a bill objecting to confirmation of sale at special term of court, and at the same term of court a demurrer was filed overruling said demurrer and the time allowed to answer said petition, pages 7 and 8; that John Talley *et al.* filed answer on February 2, 1911, same to have come up for hearing at the March term of court, page 8; that motion to dismiss said suit was filed, decree *pro confesso* and final decree confirming said sale granted, September 27, 1911, pages 11 to 14.

There is quite a conflict of testimony in this case, but the facts are absolutely as stated by the witness, L. H. Hopkins, and the question of consenting to said sale by the widow, Rhoda Talley, is virtually admitted by both Rhoda Talley and her agent, Henry Graham, on cross-examination. Rhoda Talley admits sending her son to look after the land; and Henry Graham did and said in the premises exactly what the witness, Hopkins, testified to. The truth is, there would have been no trouble or dissatisfaction about this matter if they had succeeded in purchasing said land on day of sale. It is clearly shown by the record that no objections to said sale were made

at any time before the sale, notwithstanding the said Henry Graham was standing by the side of one Geo. Wood, a white man, who bid on the land to the amount of four hundred and ten dollars.

I submit that Rhoda Talley is estopped from raising any complaint. She was at least culpably silent in allowing the defendant to purchase the land without objection and to his injury. Rhoda Talley has been negligent, and nowhere has she shown any diligence whatever. And therefore, the whole matter was properly settled by decree confirming sale, and by decree dismissing this cause.

Smith, C. J., delivered the opinion of the court.

Appellee and a number of other persons filed a bill in the court below, alleging that they were tenants in common of certain land that was incapable of a division in kind, and praying that it be sold for partition. A decree was entered in accordance with this prayer, and a commissioner appointed to sell the land. The sale was duly made, and the land was bid in by appellee. When the commissioner reported this sale to the court for confirmation, an objection thereto, in the form of a petition, was filed by appellant, who had not been made a party to the original bill. She alleged that she was the widow of Allen Talley, deceased, who died seised and possessed of the land sought to be sold, leaving as his heirs herself and the parties to the original bill, who were his children and grandchildren; that the land in question was Allen Talley's homestead, and that she had continued to reside thereon since his death, and had not agreed, and does not now agree, to the sale thereof. To this petition a demurrer was interposed, overruled, and then an answer was filed, admitting that appellant was Allen Talley's widow, that he died seised and possessed of the land, and that it was his homestead, but alleging that appellant had consented to the sale thereof. The answer further set forth that appellant had been omitted from the original bill by mistake.

Subsequent to the filing of this answer, but how long does not appear, except in the testimony of one of the witnesses, the following motion was filed by appellee and the other parties to the original bill:

"Comes the debits (?) by their attorney and moves the court to dismiss complainant's bill, and grant them a decree *pro confesso,* because said debt (?) has failed and refuses to prosecute said cause."

This motion was sustained by the court, appellant's petition dismissed, and an order entered "that John Talley *et al.* proceed with the confirmation of said sale of land." Thereupon a final decree was entered, approving the sale and directing that a deed be made to appellee, and, further, "that the said Rhoda Talley be added and included, and share equally in the proceeds of said sale."

Appellant then filed the bill in the court below, now under consideration, to which Steve Talley, one of the parties to the suit for partition and the purchaser of the land at commissioner's sale, is the only defendant. This bill set forth the history of the partition proceedings, alleging that complainant had not consented to the sale of the land, and praying that the decree awarding the partition and confirming the sale be vacated. To this bill Steve Talley filed an answer, admitting all of the allegations of the bill, except that the complainant had not consented to the sale, and alleging that by the decree dismissing appellant's objection to the confirmation of the sale, together with the decree confirming the sale, and directing that she share equally with the other parties to the bill in the proceeds of the sale, her rights have been adjudicated. Certain evidence was taken in the matter, and the cause came to hearing on bill, answer, and proof. By this evidence appellee sought to show that appellant had consented to the sale; the consent being given by her son, who attended the sale, and who told appellee's attorney that his mother had authorized him to agree thereto. No evidence was introduced that this son had in fact

been so authorized, and he himself and his mother both testified that he had no such authority.

Appellee has not yet paid to the commissioner the amount of his bid for the land, nor has the deed to him been executed. From a decree dismissing appellant's bill, this appeal was taken.

This bill, while not so termed, is one of review, and therefore any defects in the decrees therein complained of, and sought to be vacated, which are apparent on the record, are now open to correction.

Conceding that appellant's petition, praying that the sale be not confirmed, was properly dismissed for want of prosecution, the court should not have gone further, and, in the decree confirming the sale, attempted to adjudicate appellant's right in the matter. *May* v. *Hubbard,* 94 Miss. 456, 49 So. 619. Since the decree dismissing appellant's petition, conceding that it was properly entered, does not bar her from instituting another suit for the determination of her right to prevent a sale of the land (*Baird* v. *Bardwell,* 60 Miss. 164), and since, under section 1659 of the Code, the land cannot be sold without her consent, the decree ordering and confirming the sale thereof should be vacated, and the original bill, praying for the sale, should be dismissed.

Final decree would be entered here, but for the fact that appellant failed to make the other heirs of Allen Talley parties to her bill; and while no objection on this ground was interposed in the court below, they should, on the return of the cause to that court, be brought in as parties defendant.

*Reversed and remanded.*