HICKS MERCHANTILE Co. *v.* MUSGROVE.

[67 South. 213.]

1. APPEAL AND ERROR. *Time to appeal. Record. Filing. Default. Prejudice. Certiorari. Transcript. Certification. Dismissal. Assignments of error. Rulings on evidence.*

Where a judgment appealed from was rendered March 14, 1914, and the appeal was perfected by filing an appeal bond on May 13, and the day fixed for the call of the docket of the district from which such appeal was prosecuted at the March, 1914, term was June 1st, so that more than ten days intervened between that date and the filing of the appeal bond, the cause was returnable to the supreme court at that term, but, the stenographer's transcript not having been filed as provided by Laws 1910, chapter 111, on the arrival of such return day, the clerk of the supreme court was not in default for not filing the record until the return day of the same district for the June, 1914, term of the supreme court, which was the third Monday in January, 1915.

2. APPEAL AND ERROR. *Record. Failure to file. Prejudice. Certiorari.*

Where the failure to file the record in the supreme court on the required date, has not operated to the material prejudice of an appellee, a writ of *certiorari* will be issued to the clerk of the court below directing him to send up whatever record in the cause he may have on file in his office and in the event the stenographer's transcript shall not have been filed, his compliance with the writ will not prevent him from thereafter certifying the transcript when filed and whether or not this transcript is then properly a part of the record will arise only in the event a motion is made by appellee to strike it from the record.

3. APPEAL AND ERROR. *Record. Transcript. Dismissal.*

Since a transcript of the evidence is not necessary in order that an appeal may be taken, a cause will not be dismissed simply because the record contains no such transcript.

4. APPEAL AND ERROR. *Assignments of error. Rulings on evidence.*

Should any of appellant's assignments bring into review the evidence, such assignments will not be considered in the absence of a transcript of the evidence.

APPEAL from the circuit court of Jones county.

HON. P. B. JOHNSON, Judge.

Suit by the Hicks Merchantile Company against John Musgrove. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Halsell & Welch,* for the motion.

*D. B. Cooley,* opposed.

SMITH, C. J., delivered the opinion of the court.

This is a motion to docket and dismiss for the reason that the record of the cause has not been filed in this court. The judgment appealed from was rendered on the 14th day of March, and the appeal was perfected by the filing of an appeal bond on the 13th day of May following. It appears that the delay in filing this record was caused by reason of the fact that the stenographer has not filed his transcript of the evidence.

The day fixed by order of this court under section 4206 for the beginning of the call of the docket of the district from which this cause comes at the March term, 1914, was Monday, the 1st day of June. Consequently, as more than ten days intervened between that date and the filing of the appeal bond, the cause was then returnable to this court under sections 73, 4902, and 4906 of the Code. *Childs* v. *Rowell,* 58 Miss. 512. The effect of these sections of the Code, however, when construed in connection with chapter 111, Laws 1910, which must necessarily be done, is this: That when the return day of a cause arrives, and the stenographer's transcript of the evidence has not been filed and dealt with as provided in chapter 111, Laws 1910, and the time within which this can be done has not expired, the clerk of the trial court is relieved from filing the record in this court

on the return day thereof, but must do so on or before the next return day of the district from which the cause comes. *Y. & M. V. R. R. Co.* v. *McCarley,* 63 So. 335.

The return day of the district from which this cause comes, next following the 1st day of June, 1914, was the third Monday in January, 1915; so that it follows from the foregoing views that the clerk of the court below was not in default in not filing this record in this court until after this last-mentioned date.

The failure to file the record on or before that date, however, has not operated to the material prejudice of appellee. A writ of *certiorari* will therefore be issued to the clerk of the court below directing him to send up forthwith whatever record in the cause he may have on file in his office. In event the stenographer's transcript shall not have been filed with him before he complies with the command of this writ, his compliance therewith will not prevent him from thereafter certifying such transcript to this court in event the stenographer should thereafter file it.

Whether or not this transcript is then properly a part of the record will arise only in event a motion is made by appellee to strike it from the record.

A transcript of the evidence is not necessary in order that an appeal may be taken; consequently a cause will not be dismissed simply because the record contains no such transcript.

Should any of appellant's assignments, however, bring into review the evidence, such assignments will, of course, not be considered in the absence of a transcript of the evidence.

Motion overruled, and *certiorari* awarded.

*Motion overruled.*