Board of Supervisors of Lauderdale Co. *v.* Citizens'
National Bank of Meridian.
Same *v.* Guaranty, Loan Trust & Banking Co.
Same *v.* First National Bank of Meridian.

[80 South. 530, Division B.]

1. Appeal and Error. *Review. Dependence of evidence. Record.*
   Where it does not appear affirmatively from the record that the
   supreme court on appeal has before it all the evidence which
   was before the lower court, it will not review a question de-
   pending on the evidence for its determination.

2. Taxation. *Increase of valuation. Appeal. Refund of tax paid.*
   The refund of taxes provided for under Code of 1906, section 4310
   (Hemingway's Code, section 6942), cannot be considered and
   ordered by the circuit court on appeal from an order of the
   board of supervisors · increasing the valuation for taxation,
   though   pending the   appeal the owners of the property pay
   the tax.

Appeal from the chancery court of Lauderdale county.
Hon. G. C. Tann, Chancellor.

The Citizens' National Bank of Meridian appealed to
the circuit court from an order of the board of supervi-
sors of Lauderdale county, and from judgment of that
court, the board appeals. See also 79 So., 802.

The facts are fully stated in the opinion of the court.

*Frank Robertson,* Assistant Attorney General, for
appellant.

*Baskin & Wilbourn,* for appellees.

Smith, C. J., delivered the opinion of the court.

The appellee, being dissatisfied with an order of the
appellant increasing the value of its property for the
purpose of taxation thirty-five per centum above that at

which it was valued on the assessment roll, appealed therefrom to the court below, wherein a judgment was rendered in accordance with its contentions, and some time thereafter the case was appealed to this court on petition of the attorney general, who theretofore had taken no part in it.

It appears from the record that when the appellant approved the personal assessment roll for the year 1916 the appellee's capital stock, surplus, and undivided profits, less its real estate separately assessed, was valued thereon at the sum of ninety-one thousand, seven hundred and sixty dollars. In October following the state tax commission ordered the appellant to increase the assessed value of the capital stock, surplus, and undivided profits of all banks thirty-five per centum, which order was obeyed by appellant at its regular November meeting by raising arbitrarily the assessment of each bank appearing on the assessment roll thirty-five per centum, the appellant being of the opinion that the order of the tax commission must be literally complied with, and that it was without power to apportion the gross amount ordered by the commission to be added to the aggregate assessment of all the banks appearing on the assessment roll among the individual banks so as not to assess the property of any bank at an amount greater than its value. This assessment was made prior to the construction by this court of the statute creating the state tax commission in *State* v. *Wheatley,* 113 Miss. 555, 74 So. 427, and appellant's mistake in supposing that it was bound under the tax commission's order to raise the assessment of each bank appearing on its assessment roll to the amounts ordered by the tax commission was, in the opinion of the writer, a natural one, for he himself was of the opinion that the statute so intended until the majority of this court held otherwise in the Wheatley Case. When the case came on to be heard in the court below it was submitted to and tried by the judge without a jury, the judgment reciting:

"This cause coming on this day to be heard, came the parties, and issue being joined, and a jury waived, and the cause submitted to the court for decision, and the court having heard and considered the evidence, doth find, order, and adjudge from the competent testimony that the original assessment of the Citizens' National Bank on its capital stock, surplus, and undivided profits, less depreciation of property, and insolvent credits, and real estate otherwise assessed at the sum of ninety-one thousand, seven hundred and sixty dollars, represents and is the true, fair, reasonable, correct, and actual value thereof, and was and is a proper and full assessment of said bank, and that the assessment of said bank by the board of supervisors at one hundred, twenty-three thousand, eight hundred and seventy-five dollars under direction of the state tax equalizing board over the protest of said bank is excessive and illegal, and that the same be, and it is hereby, vacated and set aside, and the original assessment of the said bank made by the board of supervisors at ninety-one thousand, seven hundred and sixty dollars is hereby reinstated and fixed as the true and full amount of said assessment of said bank for the year 1916.

"And it further appearing unto the court from the evidence that pending this appeal the said bank paid the tax pursuant to said illegal and void assessment under protest, to wit, the sum of two thousand, one hundred, five dollars and eighty-eight cents, and that it was only liable to pay tax on the original assessment and in the sum of one thousand, five hundred, fifty-nine dollars and ninety-two cents, it is further ordered and adjudged that said bank has paid under protest an excessive amount of tax represented by the difference between two thousand, one hundred, five dollars and eighty-eighty cents and one thousand, five hundred, fifty-nine dollars and ninety-two cents, to wit, five hundred, forty-five dollars and ninety-six cents, which said sum it is entitled to have refunded to it.

"It is further ordered and adjudged that the costs of this appeal be taxed against Lauderdale county, Miss.''

The evidence on which the judgment was rendered was not preserved by a bill of exceptions or otherwise, the only thing in the record of an evidentiary character being a written agreement signed by the appellant's president and by counsel for the appellee, setting forth that ninety-one thousand, seven hundred, sixty dollars ''is and was the reasonable, true, and fair value of said capital stock, surplus, and undivided profits of the said bank on the 1st day of February, 1916.''

The attorney general's first contention is that the judgment of the court below should be reversed for the reason ''that the case was tried upon an agreed statement of facts as shown by the order of the court, and the agreed statement of facts was signed by the president of the board of supervisors, who had no authority to make any such agreement.'' He also calls our ''attention to the fact that there is no evidence in this case, in the absence of this agreed statement of facts, to support a judgment of any kind.''

The order of the court does not show ''that the case was tried upon an agreed statement of facts,'' but, on the contrary, recites that ''the court, having heard and considered the evidence, doth find, order, and adjudge from the competent testimony,'' etc., so that the contention is without merit for two reasons, even if we should hold that the appellant's president was without power to make the agreement: First, it does not appear from the record that the agreement was any part of the evidence considered by the court in rendering its judgment; second, if the agreement was considered by the court, it does not appear from the record that it was all the evidence in the case. For aught that appeals to the contrary the judgment may have been abundantly supported by other evidence.

A question depending upon the evidence for determination cannot be reviewed by this court, unless it has before it all of the evidence upon which it was decided in the court below, which fact must affirmatively appear from the record.

The attorney general's second contention is "that the order of the circuit judge ordering a refund is absolutely void." This contention is well taken. The only question presented to the court, aside from such as grow out of any failure of the appellant to comply with the statute in raising the appellee's assessment, was, What is the true value of the appellee's property?

If any money has been improperly collected from the appellee under the erroneous assessment, it is entitled to a refund thereof under the provisions of section 4310, Code of 1906 (section 6944, Hemingway's Code); but that question was not, and could not have been presented in the court below in this proceeding. This error, however, will not necessitate a reversal of the entire judgment, but only in so far as it directs that the money erroneously collected from the appellee be refunded to it.

The judgment of the court below therefore will be affirmed in so far as it adjudges the true value of the appellee's property, and reversed in so far ss it awards it a refund of the money improperly collected from it, which last portion of the judgment will be eliminated therefrom.

*Reversed in part, and affirmed in part.*