### TATE v. COLVARD.

(Division A. Feb. 3, 1936.)

[165 So. 433. No. 32059.]

**Ward Allen,** of Greenwood, for appellant.

**H. C. Mounger,** of Greenwood, for appellee.

Argued orally by **Ward Allen,** for appellant, and by **H. C. Mounger,** for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellee, M. W. Colvard, is the owner of certain real property located in the city of Greenwood, Mississippi, upon which there is a mortgage which was held by the

Wilson Banking Company Liquidating Corporation at the time this suit was instituted. The suit was begun by the filing of a bill in the chancery court seeking to enjoin an attempted foreclosure of the said mortgage, under the provisions of the Mortgage Moratorium Law, chapter 247, Laws 1934. A motion to dissolve the temporary injunction issued upon the filing of this bill, on the ground that said chapter 247, Laws 1934, was unconstitutional, was overruled by the court, and upon appeal to this court, the validity of the act was upheld and the cause remanded for further proceedings thereunder. On that appeal the cause was styled Wilson Banking Company Liquidating Corporation et al. v. Colvard, and the opinion, to which reference is made for a full statement of the facts, is reported in 172 Miss. 804, 161 So. 123.

Upon the remand of the cause, on motion of the said liquidating corporation, the cause was heard on the 6th day of June, 1935, on bill, answer, and oral and documentary proof for the purpose of fixing the compensation to be paid by the mortgagor toward the payment of taxes, insurance, and interest on the mortgage debt, and for the upkeep of the property, as required by said chapter 247, Laws 1934; and the court entered a decree fixing the reasonable rental value of the property at one hundred twenty-five dollars per month, and a reasonable amount to be paid for the upkeep of the building at fifteen dollars per month, and directing the mortgagor to pay to the mortgagee the said sums amounting to one hundred forty dollars per month, beginning the first day of June, 1935, less any amount paid after that date for the upkeep of the property and for taxes and insurance thereon, not to exceed fifteen dollars per month.

Thereafter, upon a properly verified petition showing that the mortgage and all unpaid indebtedness secured .thereby, and all interest in and rights to the compensation fixed by the court, had been assigned to A. A. Tate by the said liquidating corporation, a decree was entered

reviving the cause in the name of the said Tate, and he perfected this appeal from the decree fixing the compensation to be paid by the mortgagor. The evidence upon which the chancellor acted in fixing the payments to be made by the mortgagor and the date upon which such payments were to begin was not made a part of the record, and is not before us on this appeal.

There is no complaint here in reference to the amount fixed by the court as reasonable monthly payments to be made by the mortgagor, and the only contention is that the court erred in fixing the monthly payments to begin as of June 1, 1935, instead of October 8, 1934, the date the mortgagee was enjoined from foreclosure.

The statute, chapter 247, Laws 1934, requiring the fixation and payment of reasonable compensation to the mortgagee upon a stay of foreclosure proceedings requires that such "payments shall be made at such times and in such manner as shall be fixed and determined and ordered by the court or chancellor in vacation and as, according to the circumstances, may appear just and equitable, for a term not to exceed two years." Section 4. Conceding for the purpose of this decision only, that where the compensation to be paid is fixed on a monthly basis, the payments should be fixed to begin as of the date of the restraining order unless the evidence shows that, under the circumstances, so to do would be unjust and inequitable, still we cannot here say that the chancellor erred in requiring the payments to begin on June 1, 1935. It is settled law in this state that a decree of the chancery court based upon evidence will be presumed to be correct where the evidence upon which the court acted is not made a part of the record on appeal. Reynolds v. Wilkinson, 119 Miss. 590, 81 So. 278; Board of Supervisors v. Citizens' National Bank, 119 Miss. 165, 80 So. 530; Hicks Mercantile Co. v. Musgrove, 108 Miss. 776, 67 So. 213; Merchants' National Bank v. Meridian Sash & Blind Factory (Miss.), 18 So. 921.

A statement of facts that would have justified the chancellor in fixing the monthly payments to begin as of June 1, 1935, is easily conceivable, and in the absence of the evidence on which he acted in so fixing the payments, we are unable to say that he erred in that regard. The decree of the court below will therefore be affirmed.

Affirmed.