Gandy, et al. *v.* Kirkland.

No. 39689          June 13, 1955          80 So. 2d 767

*James A. Burns,* Meridian, for appellants.

*O. F. & J. O. Moss,* Lucedale, for appellee.

McGehee, C. J.

In this cause the appellee, R. L. Kirkland, has filed a motion to strike the court reporter's transcript of the testimony taken at the trial of the case on the ground that no notice was given by the appellants, J. J. Gandy and others, to the court reporter within ten days after the adjournment of the July 1954 term of the Chancery Court of George County, wherein the decree appealed from was rendered on July 25, 1954. Due notice of the motion to strike this part of the record now before us is shown to have been given on April 28, 1955 to opposing counsel which rendered the motion subject to hearing on Saturday, May 7, 1955, and no response has been made thereto.

The record shows only that the chancery clerk was given notice on September 20, 1954, that the appellants were aggrieved at the chancery court decree appealed from, and that they were praying for an appeal to the Supreme Court and tendering the sum of $100 to prepay the cost of the transcript on appeal. The record fails to disclose that any notice was ever given to the court reporter to transcribe her stenographic notes taken of the testimony at the trial, but the record does contain a certificate of the chancery clerk of October 25, 1954 to the effect that "there has not been filed in my office any copy of evidence of notice to the official court reporter or stenographer of the chancery court to transcribe her notes of the evidence" taken in this cause.

■■ ■ Although the court reporter did transcribe the notes and the transcript is now a part of the bound record before us, we cannot consider such transcript on this appeal since we have repeatedly held that the giving of the notice by the appellant to the court reporter, within ten days from the adjournment of the term of court at which a decree or judgment appealed from was rendered, is jurisdictional. Shaw v. Bula Cannon Shops, Inc., 205 Miss. 458, 38 So. 2d 916; American Creosote Works, Inc. v. Rose Bros., Inc., 211 Miss. 173, 51 So. 2d 220; Ivy v. Robertson, (Miss.) 70 So. 2d 862; and Ashe v. Ballard, (Miss.) 78 So. 2d 476. Had the notice to the court reporter been given by the appellants within the time required by law and the transcript had been filed even beyond the time allowed the court reporter to file the transcript of her stenographic notes of the testimony, we could consider the transcript unless the same should be shown to be substantially incorrect. But, in the instant case, we have no alternative except to sustain the motion to strike the transcript which was filed in this Court on April 29, 1955, and on which motion our action was withheld until the case was submitted on the merits here. The motion is now sustained.

This leaves for our consideration only the pleadings, exhibits thereto, and the final decree rendered by the Chancery Court of George County on July 21, 1954.

The appellee, R. L. Kirkland, filed his original bill of complaint against the State of Mississippi, the appellants in this cause all of whom are nonresidents, and against numerous other nonresident defendants to confirm and quiet his title as against the several defendants named in the original bill of complaint for several tracts of land in which the several groups of nonresident defendants, respectively, were supposed to be parties in interest, and all of which several tracts of land save one had been acquired by appellee by mesne conveyances from the patentees of the state under tax forfeited state land patents. The tract of land here involved, to wit: the

E½ of SE¼ of Section 26, Township 2 South, Range 5 West, in George County, subject to an oil, gas and mineral lease held by the Phillips Petroleum Company, is alleged in the original bill to have been patented by the United States of America in April 30, 1917, to one Clabe Gandy, and to have been sold to the State on April 6, 1931, for the delinquent state and county taxes due thereon for the fiscal year 1930 while assessed to one Lou Gandy, widow of the said Clabe Gandy, deceased, and therefore the appellants herein, together with the unknown heirs of Lou Gandy, deceased, were made parties to the said bill of complaint, and were legally served with process by publication as nonresidents. However, appellants entered their appearance in said cause and interposed a demurrer to the original bill on the ground that the same was multifarious, and which demurrer was sustained by the trial court.

Thereupon the appellee, R. L. Kirkland, filed an amended and separate bill of complaint against the appellants, J. J. Gandy, Joseph Gandy, Ernest Gandy, Clabe Gandy, Ishmael Gandy, Gladys Mary Beard, and Gurry Balden, nonresidents, and Katie Talbert, an adult resident citizen of George County, Mississippi. The nonresident appellants and Katie Talbert then filed an answer and cross bill to the amended and separate bill of complaint in which they set up certain affirmative defenses, including an allegation that the taxes had been paid on this eighty acres of land prior to its sale to the State on April 6, 1931, and other affirmative defenses. This answer and cross bill also denied the detailed averments in the amended and separate bill of complaint to the effect that the appellee, as purchaser of this tract of land from the State under a forfeited tax state land patent during the year 1940, had been in the continuous, open, notorious, adverse and uninterrupted possession thereof for more than ten years subsequent to his acquisition of the patent from the State, and prior to the institution of this suit.

The final decree in the cause, rendered on July 21, 1954, recites that the case was heard by the court on the pleadings in connection with the amended and separate bill of complaint and on "the proof offered by the complainant and cross-defendant and by the defendants and cross-complainants, (and the court) having heard arguments of counsel, and being fully advised in the premises, is of the opinion and hereby finds that the complainant, R. L. Kirkland, is the true and lawful owner of the fee simple title to the land in George County, Mississippi, described as the E½ of the SE¼, Section 26, Township 2 South, Range 5 West, subject to an oil, gas and mineral lease thereon visiting in Phillips Petroleum Company, that said complainant is entitled to relief as prayed for in his amended and separate bill of complaint, that the claim or possible claims of said defendants and cross complainants to said land cast a doubt, cloud or suspicion on the title of complainants to said land, that said claims or possible claims of said defendant should be cancelled, set aside and for naught held by the court, that each and all said defendants should be perpetually enjoined and restrained from asserting any right, title or interest in and to said land, that none of said defendants and cross complainants are entitled to any of the relief as prayed for by them in their said cross bill, and that said cross bill of the cross defendant (evidently meaning cross complainants) should be dismissed." The decree then confirms and quiets the title of complainant, the appellee, R. L. Kirkland.

We must therefore assume that the evidence, including the muniments of title introduced on the hearing, if any, was sufficient to show that the allegations of the amended and separate bill of complaint were sustained by the proof heard by the chancellor on the hearing of the cause prior to the rendition of this final decree.

The decree appealed from must therefore be affirmed.

Motion to strike stenographer's transcript of the testimony is sustained, and the appeal is affirmed on the merits.

*Hall, Kyle, Holmes,* and *Gillespie, JJ.,* concur.