HARVEY *v.* DUNAWAY BROTHERS

No. 40562 November 18, 1957 98 So. 2d 143

*J. Edward Jones,* Chicago, Illinois, for appellant.

*Paul N. Nunnery,* Hollandale, for appellees.

Holmes, J.

This is an appeal from a decree of the Chancery Court of Washington County rendered on the 24th day of

October, 1956, dismissing the appellant's petition to have vacated and set aside a decree of said court rendered in this cause on October 17, 1956.

The litigation grows out of a lease agreement entered into between the appellant and the appellees on December 20, 1952, whereby the appellees leased to the appellant 100 acres of land in Washington County for the year 1953. The lease agreement provided that the appellant should pay to the appellees as rent for said leased premises a cash sum equal to one-fourth of the gross proceeds from the sale of all cotton and cotton seed grown on said lands during the year 1953, and, in addition, the sum of $10.00 per acre for lands not planted in cotton. The appellant obligated himself to plant at least 75 acres of cotton on the leased premises. It was provided in the lease agreement that the appellant would break up and cultivate the said land in a prudent, careful and husband-like manner and promptly harvest and gather the crops grown on said premises, and that if said appellant should neglect said crops so that the appellees apprehended loss, then the appellees might supply help for the appellant at the option of the appellees and charge such help to the appellant. The lease agreement further provided that the appellees were granted the first option to purchase all cotton grown and produced by the appellant and those in his employ or under his control on the leased premises, provided only that the prices offered by the appellees for such cotton should be the same as prices then being offered by other cotton buyers in Washington County, Mississippi.

At the expiration of the crop year, the appellees, according to the testimony in their behalf, undertook to effect a settlement and an accounting with the appellant for the purpose of bringing their relations as landlord and tenant to a close, but the appellees were unable to get the appellant to discuss the matter or to bring about a settlement of the account between them. The appellant

quit the leased premises sometime during the later part of the month of December, 1953.

On January 2, 1954, the appellant, through his attorney, John B. Gee, of Vicksburg, Mississippi, filed suit against the appellees in the Chancery Court of Washington County seeking the seizure of certain of the cotton grown on said leased premises and an accounting from the appellees covering the period of their relations. This suit appears never to have been prosecuted although no reason therefor appears in the record.

On January 30, 1956, the appellant, through the law firm of Kellner and Kellner of Greenville, Mississippi, as his attorneys, filed an original bill in the Chancery Court of Washington County against the appellees, seeking a settlement and an accounting with the appellees covering the period of their relationship as landlord and tenant. Process was duly issued and duly served in said cause, returnable to the March 1956 term of the Chancery Court of Washington County.

On March 29, 1956, the appellees filed their answer to the original bill of complaint and attached to their answer what they claimed to be a full account of the transactions and relationship between the parties growing out of the lease of said land, and in said answer, the appellees showed an indebtedness of $377.74 to the appellant, after making all proper charges as they claimed against the appellant and crediting the appellant with his share of the cotton and cotton seed.

By an agreement between the counsel for appellant and counsel for the appellees, the cause was set down for final hearing on the last Friday of the March 1956 term of the court, being March 30, 1956. Thereafter by agreement of the attorneys for the respective parties, the cause was continued to a vacation hearing to be fixed at a time and place agreeable to the parties and to the court. No vacation hearing of said cause was had, and thereatfer, prior to the July 1956 term of the court, the appellant dis-

missed his attorneys Kellner and Kellner. At the July 1956 term of the court, the appellees announced ready for trial and the cause was set for hearing on the last Wednesday of July, or July 25, 1956. It appeared that after the appellant had dismissed his attorneys, Kellner and Kellner, he left the State of Mississippi and went to Memphis where he conferred with one or more attorneys with a view of having them represent him in this matter. He then went to Chicago, Illinois, where he employed the firm of Moore, Ming and Leighton as attorneys to represent him in the lawsuit.

Although the firm of Kellner and Kellner had been dismissed, they were communicated with by the firm of Moore, Ming and Leighton and in correspondence directed to Moore, Ming and Leighton by Kellner and Kellner during July, 1956, the firm of Moore, Ming and Leighton requested a continuance of the cause at the July term, and Mr. Ernest Kellner, Jr., of the firm of Kellner and Kellner, as a friend of the court, agreed to communicate such request for a continuance to the court, and did so communicate it, and the request was granted and the cause passed to the October 1956 term of the court, and set for the first Wednesday of the term, being October 17, 1956, and the firm of Moore, Ming and Leighton, by direction of the court, was duly notified of such setting.

On September 21, 1956, the clerk of the court received a letter from one Morton Lewis, an attorney of Chicago, Illinois, purporting to represent the appellant, and inquiring of the clerk when the cause was set for trial. The clerk informed Morton Lewis that the firm of Kellner and Kellner had withdrawn as counsel for the appellant, and that the cause had been set for final hearing on October 17, 1956.

On the night of October 14, 1956, Ernest Kellner, Jr., received a telephone call from one J. Edward Jones, purporting to be an attorney of Chicago, Illinois, representing the appellant, and during the course of the telephone

conversation, the appellant in person also talked to Mr. Kellner, and Kellner advised both Lewis and the appellant that the cause had been set for hearing by the court on October 17, 1956. On the convening of the October 1956 term of the court, and on the sounding of the docket of said court on the first day of the term, that is, on October 15, 1956, the court again set the cause down for final hearing on October 17, 1956. On said date, the appellees, their witnesses, and their counsel, were present in court and announced ready for trial. The appellant, Oscar Harvey, who had been duly notified of the setting of the case, having been advised through his various counsel, as well as in person, failed to appear upon being called, and the appellees, the defendants in said cause, applied to the court for a hearing of the cause on its merits.

The court held that the appellees were entitled to a hearing of the cause on its merits and proceeded to a hearing of the same, at which hearing, testimony was heard and considered by the court and the court made a full and complete finding that the account which the appellee had attached to his answer was in all respects true and correct, and that the appellant had not been wrongfully charged with any items on the account, and had been duly and properly credited with his share of the cotton and all other sums to which he was lawfully entitled, and further found that the appellees, as shown by said account, were indebted to the appellant in the sum of $377.74, and further found that said sum had been paid by the appellees to the clerk of the court, together with interest in the amount of $52.52, and court costs in the sum of $21.45, and the court ordered that the original bill of the appellant be fully and finally dismissed with prejudice. This decree was entered on October 17, 1956.

On October 23, 1956, the appellant, appearing in person and through his counsel, J. Edward Jones, filed a peti-

tion to vacate and set aside the aforesaid decree of the court. A hearing was had on said petition and, after hearing the evidence and arguments of counsel, the court found as a fact that the proof failed to show that the appellant had a meritorious claim such as to warrant the court in setting aside its final decree and ordered and adjudged that the said petition be finally dismissed. It is from this latter decree that this appeal is prosecuted.

The contentions of the appellant on this appeal may be summarized as follows:

(1) That the court erred in permitting the appellees to proceed to trial and final decree on the merits in the absence of the appellant, and that such action on the part of the court resulted in depriving the appellant of his property without due process of law and denying to him the equal protection of the law in contravention of Article III, Sec. 14, of the Constitution of the State of Mississippi, and Sec. 1 of the 14th Amendment to the Constitution of the United States.

(2) That the court erred in law and in fact in dismissing the appellant's petition to vacate the former decree of the court, and that in dismissing such petition, the court deprived the appellant of his property without due process of law, and denied to him the equal protection of the law, in contravention of the Constitutions of the State of Mississippi and the United States.

(3) That the court was manifestly wrong in its findings of fact both on the hearing of the cause on its merits and on the hearing of the petition to set aside and vacate the original decree on the merits.

 ██ The first two of these contentions are so intertwined that a discussion of them may be embraced in a discussion of the basic question here involved, that is to say, whether or not the Chancery Court had jurisdiction and the authority to grant the request of the appellees

for a hearing of the cause on its merits upon the failure of the appellant to appear and prosecute his suit.

It is the position of the appellant that the court was without jurisdiction or authority to grant to the appellees a trial of the cause on its merits in the absence of the appellant and that the only authority of the court in such situation was to dismiss the original bill without prejudice. Counsel for the appellant cites authorities from other jurisdictions in support of his position. These authorities are not, however, controlling of the question before us since the question has been determined adversely to the contention of the appellant in the jurisprudence of Mississippi.

In Section 538, pages 554-555, of Griffith's Mississippi Chancery Practice, 2d ed., it is said: "It is the duty of the complainant, having brought the defendant into court, to speed the cause, and when without stated excuse he does not do so but unreasonably neglects to proceed with the case, the bill may be dismissed upon motion. . . . As to the defendant he is not confined to a motion to dismiss, for after answer filed and the case has become triable, the defendant has the election of having the cause dismissed for want of prosecution, in which event the dismissal is not a bar to a second suit; or he may submit it on its merits at a time when it is regularly triable and thereby have it heard on the merits in the complainant's absence, and if he obtain a decree thus on the merits the same is final and bars a second suit."

In Section 562, pages 583-584, of Griffith's Mississippi Chancery Practice, 2d ed., is found the following: "When all those matters which must be presented and disposed of previously to the coming on of the trial have been acted upon and when nothing remains to be done in the cause other than to proceed with the hearing on the merits and the day and the hour therefor has arrived, the court will call the case on the issue docket and the parties will announce their readiness for the hearing. If when the

case is thus called, the complainant be absent and has taken no adequate steps to arrange satisfactorily with the court for his absence, the case may, and generally ought to be, dismissed for want of prosecution; but if the defendant, being present and ready, so prefers or demands he may be allowed to proceed on the merits. . . .''

The same rule is announced in the case of Baird v. Bardwell, 60 Miss. 164, wherein there was involved an order of dismissal of a suit and the court held that the order of dismissal was not the result of a hearing on the merits and that the order so entered would not bar the second suit, but the Court said: ''The absence of the complainants in no degree affected the right of the defendants to submit the case for final hearing—they had the right to do this, or to have it dismissed for want of prosecution.''

Thus it appears well settled in the jurisprudence of this State that the court in the instant case had the jurisdiction and authority to grant the request of the appellees for trial on the merits of the cause and to render a final decree therein.

■■ It is argued by the appellant, however, that the court was in error in its various findings of fact, both in the final decree and in the decree dismissing the petition to vacate the final decree. A transcript of the testimony and evidence introduced on the hearing of the cause on its merits was not preserved. We as a reviewing Court must, therefore, presume in the absence of a transcript of the evidence that the evidence was sufficient to support the final decree. This is well settled under a number of the decisions of this Court. Tate v. Colvard, 174 Miss. 624, 165 So. 433; Favre v. Louisville & N. R. Co., 180 Miss. 843, 178 So. 327; Jackson Opera House Company v. Cox, 188 Miss. 237, 192 So. 293; Gandy v. Kirkland, 224 Miss. 508, 80 So. 2d 767.

■■ The evidence on the hearing of the petition to vacate the final decree was conflicting, and the trial

court found from this conflicting evidence that the proof on behalf of the appellant did not show a meritorious claim, and that the appellant was, therefore, not entitled to the relief prayed for. It is, of course, too well settled to require the citation of authorities that a petition to have set aside and vacated a final decree will not be granted in the absence of a showing of a meritorious claim. ■■ ■ We are unable to say that the finding of the trial court that the appellant's proof did not show a meritorious claim was manifestly wrong, and we are not warranted, therefore, in disturbing the court's decision.

■■ ■ Viewing this record in its entirety, we are of the opinion that it discloses no reversible error. It seems manifest to us that the trial court was extremely liberal in granting repeated continuances to the appellant and in arranging for his notification of the date of the final setting of the case for trial, and in extending to him other considerations, such as providing local counsel to sit with the appellant's counsel, an out of state attorney, to advise him as to procedure in the forum in which the case was being tried. It was the appellant's duty, having brought the appellees into court, to speed the cause and yet he was permitted to have the cause repeatedly continued before it was finally brought to trial. The appellant was fully advised as to the date of the final setting of the cause, and yet he absented himself therefrom without, as this record discloses, any justifiable excuse. He has suffered, as this record shows, no deprivation of his property without due process of law, nor has he been denied the equal protection of the law.

We are accordingly of the opinion that the decree of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.