Ford, et al. *v.* City of Pascagoula

No. 40026 May 28, 1956 87 So. 2d 560

May 28, 1956 87 So. 2d 558

*E. J. Ford, Jr.,* Gulfport, for appellants.

*Karl Wiesenburg,* Pascagoula, for appellee.

McGEHEE, C. J.

This is a proceeding in eminent domain, wherein that court, after being duly organized pursuant to Sections

2750, 2751, 2752 and 2753, Code of 1942, awarded to the appellants, Ebb James Ford, Jr., Mrs. Louise Pol Blanchard, and Mr. and Mrs. W. E. Frederic the sum of $11,-789.50 as compensation for the value of a vacant corner lot 77 feet by 100 feet in dimensions, located across the street from the new million dollar county courthouse in the City of Pascagoula, and on which lot a new city hall was to be constructed. These property owners appealed the case to the Circuit Court of Jackson County, where the case was tried de novo before another jury and with the result that a judgment was there rendered in favor of the said property owners for the sum of $12,541.67.

Pending the appeal from the eminent domain court to the circuit court there were certain negotiations of compromise conducted between the appellant W. E. Frederic and the City of Pascagoula officials, and wherein the said Frederic agreed to accept the sum of $12,000.00 in settlement. The city board undertook to accept this offer and a warrant was prepared and issued accordingly, but of course the same was not to be cashed until all of the co-owners of the property had executed the proper deed of conveyance.

Upon the hearing of a motion in the circuit Court as filed by the appellee, City of Pascagoula, to dismiss the appeal from the eminent domain court on the basis of the said negotiations and purported settlement, the said W. E. Frederic testified that the legal title of the property was in the appellant Ebb James Ford, Jr., and that the witness was only agreeing to accept $12,000 for his interest in the lot. There were some objections made on behalf of the appellants to certain questions asked the said Frederic on the hearing of the motion to dismiss, but the objections were not interposed on the specific ground that the negotiations between the witness and the City Board were negotiations for a compromise of the litigation, but were made on wholly different grounds. At any rate, the court heard this mo-

tion in the absence of the jury in the circuit court, and overruled the same. Therefore the appellants could not have been prejudiced by the fact that the $12,000 offer of compromise was injected into the hearing before the trial judge on the motion to dismiss the appeal from the eminent domain court to the circuit court.

██ ██ Upon the trial before the jury in the circuit court, the same negotiations between the said Frederic and the City Board, evidenced by a writing embodying the purported settlement agreement, were introduced before the jury, and the jury was thereby advised of the fact that at least one of the co-owners of the property had consented to a settlement of $12,000, and there was sufficient basis for the jury to infer that he was undertaking to negotiate for the settlement on behalf of himself and the other co-owners, even though no proof was made that he had authority to represent anyone other than himself in such negotiations. He testified again before the jury that $12,000 was what he was willing to accept for his own interest in the property.

However, the record of the trial on the merits in the circuit court is wholly barren of any objection, either in the presence or absence of the jury, on the part of the appellants to the injection of this negotiation for compromise, although the assignments of error before this Court are, first, that the circuit court erred in admitting testimony on behalf of the plaintiff, City of Pascagoula, to show settlement negotiations while the case was pending in the circuit court; second, that the circuit court erred in allowing the plaintiff to introduce documents showing the settlement negotiations conducted between the plaintiff's attorney with the defendant W. E. Frederic in the absence of the said Frederic's attorney; and there are also assignments of error relating to the overruling of objections by the defendants to other testimony, and in sustaining objections of the plaintiff to testimony offered by the defendants, and it is assigned as error that the verdict of the jury in the circuit court

was against the weight of the evidence to such an extent as to show bias, passion and prejudice on the part of the jury in favor of the plaintiff and against the defendants, and that therefore the court erred in overruling the motion of the defendants for a new trial. The foregoing are the sole assignments of error before this Court.

The first two grounds of error assigned are not, in our opinion, well taken for the reasons hereinbefore stated, and we do not think that any reversible error was committed in the admission or exclusion of evidence. ■■ ■ Nor do we think that the verdict of the jury is against the weight of the evidence as to the value of the property to such an extent as to show bias, passion and prejudice on the part of the jury. Moreover, since two juries have passed upon the testimony as to what is the fair market value of the property in question, we are unable to say with an abiding confidence that the trial judge committed reversible error in overruling the motion for a new trial.

The judgment rendered upon the verdict of the jury in the circuit court in the sum of $12,541.67 must, therefore, be affirmed.

Affirmed.

*Hall, Lee, Ethridge* and *Gillespie, JJ.,* concur.

### ON MOTION OF APPELLEE TO STRIKE APPELLANTS' BRIEF.

In this case the brief on behalf of the appellants was not filed until May 14, 1956, the date on which the case was set for submission. Under Rule 7 of this Court the brief was required to have been filed not later than thirty days before the date the case was set for hearing, and this rule requires that the appellee's brief was to have been filed not less than ten days before the date the case was set for hearing.

We understand that the delay of the appellants in filing their brief was due to the illness of their attorney.

But be this as it may, the appellee would have been entitled to file its brief at any time within twenty days from the filing of the brief on behalf of the appellants. The appellee has not filed a brief in the case, pending its motion to strike appellants' brief for noncompliance with the rules of this Court. We have concluded, however, on the basis of the appellants' assignment of errors and its brief in support thereof, together with a careful examination of the record in the case, that the filing of a brief by the appellee is unnecessary to the proper disposition of this appeal.

Moreover, Rule 33 of this Court provides that our rules ''shall be considered as general rules for the government of the court and the conducting of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work surprise or injustice.''

██ ██ It has not been the policy of this Court to strike a brief on account of the fact that it is filed late where we are satisfied that the delay was due to causes beyond the control of the attorney filing the same. But we allow the opposing counsel sufficient time thereafter to file a reply brief.

██ ██ This case was passed for hearing on its merits from a former setting to the docket of May 14, 1956, and without the consent of the appellee. However, it is not a condition precedent to the passing of a case from one setting to another that all the parties should consent thereto—in fact, we sometimes decline to pass a case even though all the parties have consented and requested that the same be done. Guynn v. Shulters, 223 Miss. 232, 74 So. 2d 803. In that case there was involved a request that it and five other cases between the same parties be passed by consent of counsel. To have granted the request would have resulted in the con-

tinuance of about one half of the entire docket set on the day that these cases were to have been heard. Whether a case is passed or not must of necessity be determined by this Court in its purpose to expedite the business of the court by having enough cases submitted on each Monday for consideration during the following two weeks.

██ ██ The motion of the appellee to strike the brief filed on behalf of the appellants is overruled, and the case is being this day affirmed on its merits, without awaiting the filing of a brief by the appellee, since we have concluded that on the basis of the assignment of errors and brief on behalf of the appellants in support thereof, and on the basis of what is disclosed by the record, the case should be affirmed.

Motion overruled.

*Hall, Lee, Ethridge,* and *Gillespie, JJ.,* concur.