502 So.2d 644 (1987)
Johnny L. RANKIN and Dorothy Mae Rankin
v.
Katie Mae BROKMAN and Fannie Mae Johnson.
No. 56851.
Supreme Court of Mississippi.
February 4, 1987.
Rehearing Denied March 4, 1987.
*645 Hudson L. Thomas, Yazoo City, for appellants.
T.H. Campbell, Jr., Yazoo City, for appellees.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Yazoo County rendered on August 16, 1985, holding that two instruments, one purporting to be a warranty deed and the other purporting to be a bill of sale, executed by Katie Mae Brokman and Fannie Mae Johnson in favor of Johnny L. Rankin and Dorothy Mae Rankin were actually mortgages, whose only effect was to vest the Rankins with a security interest in the property described.
Katie Mae Brokman is a 66-year-old widow with a fourth grade education who lives in Yazoo City. She owned the lot on which her home is situated in Yazoo City; she also owned a mobile home in which she allowed her niece, Eddie Mae Johnson, to live for $100 per month. Citizens Bank and Trust Co. of Yazoo City holds a deed of trust on Mrs. Brokman's lot as security for debts in the amount of $17,467.80; the mobile home was also purchased with a loan from Citizens. Mrs. Brokman found herself in financial difficulty; in 1982 she filed for bankruptcy, but her case was dismissed. Shortly afterwards, she began a course of conduct with Johnnie Rankin and Citizens Bank which led to this litigation.
On April 12, 1984, Mrs. Brokman filed a bill in the Chancery Court of Yazoo County. She alleged that having had trust and confidence in the friendship of Johnny "Catfish" Rankin, whom she had known for years, she had asked Rankin to mediate between her and Citizens Bank in order to avert foreclosure on her property for nonpayment on her loans. The complaint alleges that Rankin undertook to do this, but that one day, after a meeting with the bank official, he came by Mrs. Brokman's house and told her he had some papers for her to sign. The plaintiff contends that Mrs. Brokman signed these papers under the assumption that they were necessary to provide some relief for her indebtedness, when in fact, the papers were a warranty deed and a bill of sale conveying both her lot and the mobile home to the Rankins. Mrs. Brokman insists she had no knowledge of the actual contents of the papers she signed. Shortly after this transaction, but before Mrs. Brokman claims to have discovered the true nature of the documents she signed, Rankin came to Mrs. *646 Brokman and obtained $225. According to Mrs. Brokman, this was to be given to the bank in payment on her own indebtedness; according to Rankin it was a rental fee.
Mrs. Brokman's petition asked the chancellor to cancel the deed and bill of sale, alleging that they were obtained by fraudulent misrepresentations.
The chancellor refused to grant a motion to dismiss for Rankin on the issue of fraud, finding that a prima facie case (albeit a weak one) had been made out.
During the trial, the plaintiff adduced certain testimony tending to show that the instruments in question were de facto mortgages. The theory seems to have been that the bank officials told Rankin that he could avert foreclosure on Mrs. Brokman's property only by becoming a guarantor of her debt, and that once Rankin understood this, he executed these instruments in order to give him a security interest in the property.
The complaint did not contain any allegation that the instruments were de facto mortgages. Nevertheless, the chancellor, hoping to reach an equitable result, announced that Rule 15(b), Mississippi Rules of Civil Procedure, empowered him to consider the matter as one actually tried during the proceeding. Accordingly, he found that the instruments were indeed mortgages, operating only to give Rankin a security interest in the property.
While we fully sympathize with the chancellor's aim, we believe that he misinterpreted Rule 15(b). The relevant part of the rule states that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they should be treated in all respects as if they had been raised in the pleadings."
The record in the present case presents one insuperable obstacle to the application of Rule 15(b). Although the mortgage issues were indeed tried, they were not tried by consent of the parties, as the rule requires. On the contrary, counsel for the defense strongly objected to these issues being raised. The cases are firm that Rule 15(b) has no application if issues are brought in over the objection of a party. E.g., Johnson v. Franklin, 481 So.2d 812, 815, (Miss. 1985); Domar Ocean Transports, Ltd. v. Independent Refining Co., 783 F.2d 1185, 1188-89 (5th Cir.1986); Hay v. Nance, 119 F. Supp. 763, 770 (D.Alaska 1954). Therefore, the chancellor erred in allowing such testimony without timely amendment of the pleadings as well as in considering such evidence in framing his decree.
We are also of the opinion that he erred in not granting a motion to dismiss for Rankin on the issue of fraud. The elements of a prima facie case of fraud in Mississippi were set forth by this Court in Franklin v. Lovitt Equipment Co., Inc., 420 So.2d 1370 (Miss. 1982), which said:
In order to establish fraud, the plaintiff must prove (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.
420 So.2d at 1373.
There was no evidence that Johnny Rankin made any representation to Mrs. Brokman about the contents of the paper she signed. In fact, Mrs. Brokman flatly admitted the contrary. This does not end the inquiry. The omission or concealment of material facts can constitute a misrepresentation. But in such a case, this Court has held that:
[I]n order to recover damages for fraudulent concealment [the plaintiff] must demonstrate [that the defendant] took some action, affirmative in nature, which was designed or intended to prevent and which did prevent the discovery of the facts giving rise to the fraud claim. Davidson v. Rogers, 431 So.2d 483, 485 (Miss. 1983).
In the present case, Rankin took no such steps, or if he did, there was no evidence of them. On the contrary, the faces of the *647 instruments declared them to be a warranty deed and a bill of sale, and Mrs. Brokman admitted on the stand that she could read.
In view of the total failure of proof as to the existence of a representation (a necessary element of fraud), it is clear that the plaintiff failed to make out a prima facie case of fraud  even a "weak" one. Therefore, the chancellor should have granted a motion to dismiss for Rankin.
The chancellor's decree must therefore be reversed, and judgment rendered for Rankin on the original complaint.
REVERSED AND RENDERED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.