551 So.2d 197 (1989)
Raiford L. QUEEN
v.
Gloria Middleton QUEEN.
No. 58701.
Supreme Court of Mississippi.
August 2, 1989.
As Corrected on Denial of Rehearing October 18, 1989.
*198 Stanley N. Merritt, Natchez, for appellant.
Nancy E. Garrison, Natchez, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:

I.
Raiford L. Queen appeals a final judgment of divorce entered in the Chancery Court of Adams County, Mississippi, on June 26, 1987. Raiford complains not that his former wife, Gloria Middleton Queen, was granted a divorce on grounds of habitual cruel and inhuman treatment, but that he was ordered to pay her alimony  to be specific, $4,000.00 in lump sum alimony, payable in installments. The grounds for Raiford's appeal are procedural: that Gloria's complaint made no timely demand for alimony.
Gloria's original complaint did not claim alimony. The case went to trial in that posture. After the final judgment of divorce was entered, Raiford moved to alter or amend the judgment to delete "any and all awards of alimony." Gloria then moved for leave to amend her complaint to include a request for alimony. Rule 15(b), Miss.R. Civ.P. On September 9, 1987, the Chancery Court granted Gloria's motion and allowed her to amend "to include a request for alimony as included in the final decree of divorce." The Court denied Raiford's motion to alter or amend judgment.
This appeal has followed.

*199 II.

A.
At the outset we note that Gloria, as Appellee, was four months tardy in filing her brief. When she did file it, the Court, upon Raiford's motion, ordered it stricken. Reversal is not required, however, if we may say with confidence there was no error below. See Dethlefs v. Beau Maison Development Corp., 458 So.2d 714, 717 (Miss. 1984); State v. Maples, 402 So.2d 350, 353 (Miss. 1981); Burt v. Duckworth, 206 So.2d 850, 853 (Miss. 1968); Ford v. City of Pascagoula, 228 Miss. 265, 270-71, 87 So.2d 558, 589-60 (1956). This policy is but a function of the (quite rebuttable) presumption of correctness we accord orders and judgments of our trial courts. Edlin v. State, 533 So.2d 403, 410 (Miss. 1988); Clark v. State, 503 So.2d 277, 280 (Miss. 1987); Blackwell v. Sessums, 284 So.2d 38, 39 (Miss. 1973); Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973); Walker v. Jones County Community Hospital, 253 So.2d 385 (Miss. 1971).
In route to affirmance in Ford, we said We have concluded ... on the basis of the appellant's assignment of errors and its brief in support thereof, together with a careful examination of the record in the case, that the filing of a brief by the appellee is unnecessary to the proper disposition of this appeal.
228 Miss. at 270, 87 So.2d at 559. The appropriateness of these words will become apparent.

B.
There is a second preliminary point. Where one such as Raiford seeks on appeal to complain that his adversary proved and obtained relief on a point not pleaded, he must show that he timely objected at trial. See Rule 103(a)(1), Miss.R.Ev.; Peterson v. State, 518 So.2d 632, 635 (Miss. 1987); Jones v. Welford, 215 So.2d 240, 242 (Miss. 1968); Liles v. May, 105 Miss. 807, 817, 63 So. 217, 218 (1913). Raiford cannot show anything of the sort for he has failed of a more basic duty. He has failed to present us with a transcript of the relevant portions of the trial. Upon giving his notice of appeal, Raiford received written notice from the court reporter that a transcript of the trial would cost him $164.00. On September 29, 1987, Raiford filed his "Designation of the Record" and expressly directed that there be "no transcription of the evidence in the case ... as this is an Appeal strictly on the pleadings."
It is elementary that a party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved. Moawad v. State, 531 So.2d 632, 635 (Miss. 1988); Williams v. State, 522 So.2d 201, 209 (Miss. 1988); Williams v. State, 522 So.2d 201, 209 (Miss. 1988); Winters v. State, 473 So.2d 452, 457 (Miss. 1985); Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973). While we overlook procedural niceties at times where fundamental rights are at stake, see Brooks v. State, 209 Miss. 150, 155, 46 So.2d 94, 97 (1950), we know of no authority for pretermitting the requirement of a record reflecting the error.
Raiford's failure to provide a transcript has a further effect of importance. Established law of appeal and error requires that we presume Gloria's evidence legally adequate that she may be awarded the alimony decreed. Wade v. Wade, 419 So.2d 584, 585 (Miss. 1982); Fontaine v. Pickle, 254 So.2d 769, 770 (Miss. 1971); Harvey v. Dunaway Bros., 232 Miss. 89, 100, 98 So.2d 143, 147-48 (1957); Tate v. Colvard, 174 Miss. 624, 628, 165 So. 433, 434 (1936).

III.
The Chancery Court awarded Gloria lump sum alimony. Raiford makes no claim of evidentiary insufficiency. Rather, in this his appeal "strictly on the pleadings," Raiford argues that Gloria's originally deficient complaint rendered the Chancery Court impotent to award alimony.
Prior to the advent of our Civil Rules, that is, before January 1, 1982, the Chancery Court had no authority to order payment of alimony absent an express demand *200 therefor. This rule, however, was a function of our case law and was in no way mandated by statute. Diamond v. Diamond, 403 So.2d 129, 131 (Miss. 1981); Fondren v. Batton, 348 So.2d 431, 432 (Miss. 1977). The statute merely empowers the court to "make all orders ... touching the maintenance and alimony of the wife or the husband... ." Miss. Code Ann. § 93-5-23 (Supp. 1988). The statutes are silent on the point of pleadings.
Rule 81(a)(9), Miss.R.Civ.P., provides that actions for divorce lie in two procedural realms. Primary are the procedural rules provided by statute. Miss. Code Ann. §§ 93-5-1, et seq. (1972 and Supp. 1988). The Mississippi Rules of Civil Procedure govern only to the extent that the statutory procedural scheme is silent, or at least not inconsistent. Rule 81(a)(9); Mayoza v. Mayoza, 526 So.2d 547, 548 (Miss. 1988). Rule 81(a)(9) thus directs us to the Civil Rules to resolve today's appeal.
Rule 15(b), Miss.R.Civ.P., provides that issues not raised by the pleadings but tried by expressed or implied consent shall be treated as if they were raised by the pleadings. See Rankin v. Brokman, 502 So.2d 644, 646 (Miss. 1987). Moreover, the court is empowered to allow amendments to conform to the evidence with regard to such issues "even after judgment."[1] [Emphasis supplied] Mattina v. Rodolfich, 461 So.2d 751, 753 (Miss. 1984). The rule further directs that the Court "be liberal in granting permission to amend when justice so requires." Red Enterprises, Inc. v. Peashooter, Inc., 455 So.2d 793, 796 (Miss. 1984).
Where a party offers proof on an issue not pleaded, e.g., alimony in a divorce action, her opponent upon timely and proper objection may of right demand that the evidence be excluded. Nothing in the Mississippi Rules of Civil Procedure alters this rule of fundamental fairness. Rankin v. Brokman, 502 So.2d 644, 646 (Miss. 1987); Bell v. First Columbus National Bank, 493 So.2d 964, 968 (Miss. 1986); Johnson v. Franklin, 481 So.2d 812, 815 n. 4 (Miss. 1985). Rule 15(b), Miss.R.Civ.P., is nothing more than a rule of waiver. Where a party offers no timely objection, we treat the issue as having been tried by implied consent.[2]Atkinson v. National Bank of Commerce of Mississippi, 530 So.2d 163, 166 n. 2 (Miss. 1988).
Yet we are told  not by Raiford but by our colleagues in dissent  that Rule 15(b) would offend Raiford's due process rights. Without doubt Raiford L. Queen and every other person who becomes a litigant before one of our courts enjoys a due process right to reasonable advance notice and the opportunity to be heard. See, e.g., Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); Covington v. Covington, 459 So.2d 780, 782 (Miss. 1984). But this right may be waived if not timely asserted. Miller v. Miller, 512 So.2d 1286, 1288 (Miss. 1987); D.H. Overmyer Co., Inc. v. Frick Company, 405 U.S. 174, 185, 92 S.Ct. 775, 782, 31 L.Ed.2d 124, 133-34 (1972); N.L.R.B. v. Schwab Foods, Inc., 858 F.2d 1285, 1294 (7th Cir.1988); Thompkins v. Stuttgart School District No. 22, 787 F.2d 439, 440-41 n. 1 (8th Cir.1986). An analogous example is a non-resident's due process right that he not be subject to in personam jurisdiction absent certain minimum contacts with the forum state. See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); International Shoe Co. v. Washington, *201 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Administrators of the Tulane Educational Fund v. Cooley, 462 So.2d 696 (Miss. 1984). Yet no one doubts that, if that party appears and fails timely to assert this due process right, he has finally and effectively waived it. Rule 12(h)(1), Miss.R.Civ.P. Carpenter v. Allen, 540 So.2d 1334, 1337 (Miss. 1989); O'Neill v. O'Neill, 515 So.2d 1208, 1211-12 (Miss. 1987); Brown v. Brown, 493 So.2d 961, 963 (Miss. 1986); Sangdahl v. Litton, 69 F.R.D. 641, 642-43 (S.D.N.Y. 1976).
This brings us back to Raiford's failure to present us with a transcript. The time to object to consideration of alimony was when Gloria first sought to offer proof on the point. As an appellant Raiford is burdened to present us with a record reflecting that he timely raised the point and that the Chancery Court proceeded, his objection notwithstanding. His failure to present us a transcript is thus fatal to his appeal.
There is a second and related point. On May 22, 1987, after the Chancery Court had announced its decision but before entry of final judgment Raiford moved to reconsider on the point of alimony award. At no point in his motion does he complain of inadequacy of proof of entitlement to alimony or of the Chancery Court's overruling his objection, if any, to Gloria's proof on the point. Raiford's sole ground is "the absence of a specific prayer for alimony."
After final judgment, Raiford moved to delete the alimony award, Rule 59(e), Miss. R.Civ.P., again on purely procedural grounds, i.e., Gloria made no request for alimony in her pleadings. Raiford cited only pre-Rules authority. Once more Raiford in no way hints that Gloria's proof on alimony was legally insufficient. Once again there is no suggestion that the Chancery Court failed to honor his trial objection, if any, to Gloria's proof on the point of alimony.
Rule 15(b) empowered the Chancery Court to allow Gloria's post-judgment amendment to her complaint to include a demand for lump sum alimony and vested in that Court broad discretion to grant such an amendment where equitable and just. Raiford has failed to tender to this Court a record adequate that we may intervene.

IV.
Rule 54(c), Miss.R.Civ.P., first provides a general rule that a party shall be entitled to that relief which on the evidence the law affords and then adds a caveat that a monetary judgment shall not be in an amount "greater than that demanded in the pleadings or amended pleadings."[3] If the matter be controlled by Rule 15(b), we may but affirm, for the reasons articulated above. Norris v. Norris, 498 So.2d 809, 812 (Miss. 1986). Rule 15(b) empowered the Court to allow Gloria's amendment "at any time even after judgment." The rule further directs a policy that the trial courts "be liberal in granting permission to amend when justice so requires." Alimony, however, partakes of "monetary" relief. We must confront Rule 54(c). See Cain v. Robinson, 523 So.2d 29, 34 (Miss. 1988).
Two questions are presented. First, does Rule 54(c) impose any impediment to a Rule 15(b) amendment after judgment has been entered? We answer in the negative. The limitation is to monetary relief "demanded in the pleadings or amended pleadings." [Emphasis supplied] The phrase "amended pleadings" at the end of Rule 54(c) refers to and contemplates pleadings amended in accordance with the procedures (including timeliness) authorized in Rule 15(b). That rule authorized amendment to pleadings "at any time, even after judgment." Accordingly, Gloria's amended complaint which demands "alimony and an equitable distribution of *202 the assets of the marriage payable in a lump sum or short term arrangement" is sufficient to place the issue of alimony before the Court.
Second, we consider whether the Court has awarded "judgment ... for a monetary amount greater than that demanded in the ... amended pleadings." [Emphasis supplied] Even as amended, no "amount" of alimony has been demanded. So seen, the mechanical jurisprude may well consider that arid legal logic requires striking from the judgment the alimony award. The content of our law, however, is informed by experience, as well as logic. Because the amount and form of alimony to be awarded incident to a divorce are so much a matter within the discretion of the chancery court, parties and attorneys have long placed the issue before the court by demands expressed as "an award of alimony in such amount and in such form, payable at such intervals, as the court may deem fair and equitable under the circumstances to be developed at trial," or some such equivalent language. We are not about to hold that Rule 54(c) abrogates this practice absent a far more express statement in the rule.
Accordingly, we hold that the demand for alimony as found in Gloria's amended complaint was sufficient to empower the Court to make the alimony award included in the final judgment, notwithstanding the caveat appearing in Rule 54(c). So seen, Raiford's assignment of error is without merit.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ANDERSON and BLASS, JJ., concur.
DAN M. LEE and HAWKINS, P.JJ., and SULLIVAN and PITTMAN, JJ., dissent by separate written opinion.
HAWKINS, P.J., dissents by separate written opinion.
DAN M. LEE, Presiding Justice, dissenting:
Because I believe that the majority opinion evades the real issue in this appeal and reaches a result totally unsupported by the record, I respectfully dissent.
The basic fallacy in the majority opinion is that it assumes a fact not in the record. While I do not challenge the legal analysis developed in the majority opinion, unfortunately that analysis has no application to the facts of this case, insofar as the record reveals.
The majority infers that the issue of alimony was tried by the implied consent of the parties, although there is no evidence in the record to support that inference. The majority makes repeated reference to Gloria's "proof" on the point of alimony, although the record reflects no such proof. Then, proceeding on the assumption that proof was offered on that point, the majority finds that Raiford's failure to supply this Court with evidence that he timely objected to Gloria's "proof" is fatal to his appeal.
Having concluded that the alimony issue was tried by implied consent of the parties, the majority then launches into an analysis of Rules 15(b) and 54(c) of the Mississippi Rules of Civil Procedure. This, in spite of the fact that neither the applicability nor inapplicability of those rules has been raised by either party on appeal.
A review of the facts may be helpful. Gloria and Raiford Queen were married on September 28, 1985. They separated on December 5, 1986, slightly more than a year later. No children were born of the marriage. On January 15, 1987, Gloria filed a complaint for divorce on the grounds of habitual cruel and inhuman treatment. As the majority notes, the complaint made no demand for alimony, and no amendment to the complaint was sought prior to entry of the final decree of divorce. Nevertheless, the divorce decree, dated June 26, 1987, awarded Gloria lump sum alimony in the amount of $4,000.00. On July 2, 1987, Raiford moved to amend the judgment to exclude the award of alimony, on the ground that no request for alimony had been made in the pleadings. On September 9, 1987, the chancellor denied Raiford's motion, and granted Gloria's oral *203 motion to amend her complaint to include a request for alimony.
In my opinion, the learned chancellor erred in awarding alimony to Mrs. Queen when it had not been requested in the pleadings. As stated in J. Bunkley and W. Morse, Amis on Divorce and Separation in Mississippi § 6.05 (1957):
Since permanent alimony is as much a matter of affirmative relief to the wife as is the divorce, it follows that her bill, or cross-bill, should contain a prayer for alimony. This is necessary in order that the husband may know the nature and extent of her demand and prepare his defense accordingly. It often happens that the wife sues her husband for divorce but does not desire or demand alimony, and it would be manifestly unfair to the husband to award permanent alimony on a mere bill for divorce without any notice to him that it would be demanded.
(Emphasis added).
To be sure, our statutory law gives a chancellor considerable latitude in the awarding of alimony. Miss. Code Ann. § 93-5-23 (Supp. 1988) provides that, when a divorce is decreed, "the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders ... touching the maintenance and alimony of the wife or the husband."
Our case law has long held, however, that it is a violation of due process to award alimony against a spouse when the issue of alimony was not raised in the pleadings. See, e.g., Diamond v. Diamond, 403 So.2d 129 (Miss. 1981); Fondren v. Batton, 348 So.2d 431 (Miss. 1977); Rhodes v. Rhodes, 336 So.2d 1315 (Miss. 1976). These cases have made it clear that due process requires fair notice, by an appropriate pleading, that alimony is being sought so that the other party to the divorce might have a reasonable opportunity to offer evidence on the matter. It hardly needs to be said that a due process violation of this type could not be cured by an amended pleading after entry of final judgment.
It is true that under Rule 15(b) of the Mississippi Rules of Civil Procedure, (effective January 1, 1982), issues not raised in the pleadings but tried by the expressed or implied consent of the parties "[are to] be treated in all respects as if they had been raised in the pleadings." Concededly, by expressly or impliedly consenting to trial on an issue not pleaded, a party may waive his due process rights to advance notice and the opportunity to be heard. But Rule 15(b) does not render the above-mentioned body of case law obsolete. It is one of the most elementary of legal principles that an individual's constitutional rights cannot be abrogated by statute or rule. Although case law addressing purely procedural matters may become obsolete with the enactment of a statute or adoption of a rule, the same is not true of case law touching on substantive matters such as due process. Moreover, in Miller v. Miller, 512 So.2d 1286 (Miss. 1987), decided more than five years after the Mississippi Rules of Civil Procedure went into effect, this court explicitly reaffirmed the principle enunciated in our pre-Rules case law that an award of alimony where such is not requested in the pleadings deprives the spouse against whom the award is assessed of due process of law. See also Holleman v. Holleman, 527 So.2d 90 (Miss. 1988) (holding that it was error for the chancellor to impose a special lien on Mr. Holleman's homestead to secure payment of monies awarded Mrs. Holleman under the judgment of divorce, when Mrs. Holleman had not specifically requested such a lien in her complaint).
As to this body of case law, then, Rule 15(b) merely carves out an exception, where a party has effectively waived his due process rights by consenting to trial of an issue not raised in the pleadings. We should not automatically assume, however, when alimony not pleaded has been awarded against a spouse, that the spouse waived his due process rights. The party seeking to claim the waiver should raise the applicability of Rule 15(b). See Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir.1986), cert. denied, 479 U.S. 1092, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987).
*204 This brings us back to where we began. In the instant case, Gloria's complaint made no request for alimony. There is nothing in the record to indicate that the issue of alimony was tried at all. In the court's final judgment entered June 26, 1987, there are no conclusions of law to indicate why alimony was awarded when it had not been sought in the pleadings. After entry of final judgment, Raiford filed a timely motion to amend the judgment to exclude the award of alimony, on the grounds that alimony was not requested in the pleadings. In the court's order overruling Raiford's motion, there is no finding that the issue of alimony was heard on proof. Gloria does not raise on appeal the applicability of Rule 15(b) to the alimony issue. Indeed, Gloria's brief, filed four months late, was stricken by this Court.
If evidence existed that the issue of alimony was, in fact, tried by implied consent of the parties, and if Gloria intended to raise the Rule 15(b) argument on appeal, it was incumbent upon her to preserve for the record those portions of the proceedings necessary for appellate review of that point. If Raiford had failed to designate for the record all the portions of the trial proceedings needed for the appeal, Miss. Sup.Ct. Rule 10(b)(4) allowed Gloria to designate, at Raiford's expense, those additional portions she deemed necessary. Since Gloria failed to designate for the record any additional portions of the trial proceedings, we are limited in our review to considering only the record as designated by Raiford. See Walters v. Walters, 519 So.2d 427, 429 (Miss. 1988); Watson v. State, 483 So.2d 1326, 1330 (Miss. 1986); McGowan v. McCann, 357 So.2d 946, 950 (Miss. 1978).
Had the chancellor made conclusions of law establishing that alimony was awarded against Raiford under the authority of Rule 15(b), I would agree with the majority that we would be bound to affirm. But because there is nothing in the record to indicate that Raiford Queen either expressly or impliedly consented to trial on the issue of alimony, I would hold that the learned chancellor erred by awarding lump sum alimony, not sought in the pleadings, in his final decree of divorce dated June 26, 1987; that the chancellor erred in denying Raiford's motion, filed July 2, 1987, to strike the award of alimony from the decree; and, finally, that the chancellor erred in allowing Gloria to amend her complaint on September 9, 1987  some two and one-half months after rendition of the final decree of divorce  to include a request for alimony.
Accordingly, I would reverse the chancellor's granting of lump sum alimony and render judgment for the appellant on that issue.
Alternatively, on the authority of Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236 (Miss. 1987), I would remand this case to the Chancery Court of Adams County with instructions that the Chancery Court state its conclusions of law on the issue of alimony. With those conclusions of law before us, this Court would be in a far better position to decide the applicability of Miss.R.Civ.Proc. 15(b) and 54(c) to this case.
HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ., join this dissent.
HAWKINS, Presiding Justice, dissenting:
I join Justice Dan Lee's dissent to the limited extent of the final paragraph recommending alternatively that this case be remanded to the chancery court under the appropriate guidelines.
NOTES
[1] Rule 15(b) in relevant part provides:

When issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues.
[2] Where a party offers timely objection in a non-jury trial, only to have the court "reserve ruling" or "carry the point with the case," we will look askance at any subsequent suggestion that the point has been tried by implied consent.
[3] In relevant part, Rule 54(c) reads as follows:

Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleading; however, final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings.