DAN M. LEE, Presiding Justice,
for the Court:
Mississippi Department of Human Services (D.H.S.) appeals and challenges the Lauderdale County Chancery Court judgment requiring it to pay attorney fees and court costs as the only issue. The natural mother, Katrina Cole, on behalf of her minor daughter (F.J.), filed a paternity action against Michael Johnson (Johnson) and also named Mississippi Department of Human Services (D.H.S.) a defendant. By M.R.Civ.P. 15(b) motion made at the conclusion of trial, F.J. sought attorney fees from Johnson. The chancellor allowed the amendment to conform to the evidence and ordered D.H.S. instead of Johnson to pay FJ.’s attorney fees and all court costs.
D.H.S. argues: its attorney was excused by the chancellor before trial from participating in the trial at a time when the pleadings made no claim against it; that by amendment, attorney fees and court costs were sought against the other defendant, Johnson; and no attorney fee or court cost claim was sought against it in either the original or amended pleadings. Nevertheless, D.H.S. was assessed $799.00 in attorney fees and court costs as a penalty for its failure to file the paternity action while paying the child welfare for over two years. For the reason that no such demand was made in the pleadings, as amended, the judgment against D.H.S. is reversed and rendered.
*705 I.
F.J. claimed Michael Johnson was her natural father in a “Complaint for Paternity” filed in the Chancery Court pursuant to Miss.Code Ann. § 99-9-15 (1972). D.H.S. was named a defendant because F.J. was receiving Medicaid and food stamps and her mother received Aid for Dependent Children. Her birth certificate lists Johnson as her father. Additionally, F.J. sought: support beginning one year before the filing of the complaint; payment of accrued medical expenses totalling $1,704.00; to be a named insured in hospitalization and medical insurance coverage to be ordered; reimbursement of her mother’s expenses during pregnancy and confinement; and by court allowed amendment, attorney fees and costs.
Johnson admitted paternity, agreed to provide additional support, agreed to pay one-half of medical expenses exclusive of third party payments as needed in the future, and sought visitation rights. D.H.S. filed an answer and asked that child support payments be paid through its Meridian office and for entry of a withholding order. D.H.S., by permission of the Court, did not participate in the trial. Following the testimony of the natural mother, the natural father and FJ.’s attorney (proof of rate and hours for attorney fee award), Chancellor Warner entered an “Opinion and Judgment” finding “the Welfare Department (sic) [D.H.S.] has done less than nothing,” while the mother “drew welfare for a period of two years” when it had in its possession F.J.’s birth certificate showing the father’s name. The chancellor ordered D.H.S. to:
(1) investigate whether the mother should continue to receive public assistance; and
(2) pay court costs and pay mother’s attorney fees in the amount of $799.00.
D.H.S.’s only challenge to the June 11, 1991, final judgment was embodied in one motion styled “Motion for Additional Time and Other Relief” filed June 27, 1991. Only in the motion’s prayer does D.H.S. challenge attorney fees and costs. It challenges it with this language:
[The court] will set aside the order directing Department to pay the mother’s legal fees of $799.00 and costs ... in that such relief was not requested against the Department in the pleadings and was without notice.
From the denial of that motion, D.H.S. has appealed to this Court.
In its designation of record under Miss. Sup.Ct.R. 10(b)(1) filed November 27, 1991, D.H.S. listed “all clerk’s papers, trial transcripts, and exhibits filed, taken or offered in this case.” Certificate of compliance with Miss.Sup.CtR. 11(b)(1) was filed December 12, 1991. Apparently, after learning the record did not contain the claimed excuse from trial participation, D.H.S. filed in the trial court Statement of Proceedings pursuant to Miss.Sup.CtR. 10(b), (c) on January 23, 1992. The statement, certified by D.H.S.’s attorney, John W. Capers, follows:
1. That D.H.S. appeared in this action by counsel, John Capers, having been made a necessary party defendant, since the P. has been an Aid for Dependent Children (A.F.D.C.) recipient. That before the hearing began, the chancellor excused said attorney from participation since no relief was being sought against D.H.S. at that time.
Counsel for F.J. and Johnson did not challenge the statement in the trial court nor do they in this Court.
II.
D.H.S. claims the judgment against it for attorney fees and costs is illegal, procedurally, statutorily and under this Court’s decisions:
1) The chancellor excused Attorney Capers (D.H.S.’s attorney) from participation in the hearing;
2) Attorney fees were not claimed until allowed by amendment at the conclusion of the hearing and then they were sought from Johnson, not D.H.S.; and
3) Attorney fees were awarded as a penalty for D.H.S.’s failure to file the paternity action when the statutes and federal regulations only permit D.H.S. to sue for inclusion of health insur- *706 anee, and the issues of medical expense reimbursement and visitation are outside its authority.
F.J. and Johnson in their joint brief argue D.H.S.’s failure to participate and make timely objection in the trial waived any trial error. Queen v. Queen, 551 So.2d 197, 199 (Miss.1989); Moawad, v. State, 531 So.2d 632, 635 (Miss.1988); Miss.R.Evid. 103.
Resolution of this appeal does not require a detailed discussion and review of authorities supporting D.H.S.’s limited authority in paternity action or its alleged waiver of trial errors. The record shows the attorney fee claim was made against Johnson only. The mother testified:
Q And you expect to pay a reasonable attorney’s fee to him?
A I expect for him to pay it, my attorney's fees.
Q You expect for who to pay it?
A Michael.
BY MR. PALMER: Judge, though not specifically mentioned, we received evidence and we move to amend the pleadings to reflect the specific request for attorney’s fees and costs since that’s part of the evidence now.
Based on the pleadings and evidence, the chancellor committed fundamental error, albeit well intended, in awarding attorney fees against D.H.S.
ACCORDINGLY, THE JUDGMENT OF THE CHANCERY COURT ON JUNE 11, 1991, INSOFAR AS IT AWARDED JUDGMENT FOR KATRINA COLE AGAINST THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES (D.H.S.) FOR ATTORNEY FEES OF $799.00 AND COURT COSTS, BE AND THE SAME IS HEREBY REVERSED, VACATED AND RENDERED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.