724 So.2d 1093 (1998)
Bruce LEE, Appellant,
v.
Dominique STEWART, By and Through Katrice SUMMERVILLE, His Mother and Next Friend, Appellee.
No. 96-CA-01330 COA.
Court of Appeals of Mississippi.
December 18, 1998.
*1095 William L. Bambach, Columbus, Attorney for Appellant.
Rhonda Hayes-Ellis, Columbus, Attorney for Appellee.
BEFORE THOMAS, P.J., COLEMAN, AND HINKEBEIN, JJ.
HINKEBEIN, J., for the Court:
¶ 1. Aggrieved by the Lowndes County Chancery Court's judgment ordering him to pay child support for his illegitimate son, Bruce Lee [hereinafter Lee] assigns the following points of error to the chancellor's decision:
I. THE CHANCELLOR ERRED IN AWARDING ONE YEAR'S SUPPORT. THE PLEADINGS DID NOT REQUEST THE RELIEF.
II. THE CHANCELLOR ERRED IN AWARDING $214 PER MONTH CHILD SUPPORT. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE AWARD. ADDITIONALLY, THE AMOUNT AWARDED WAS GROSSLY EXCESSIVE.
III. THERE WAS NO EVIDENCE TO SUPPORT AN AWARD OF ATTORNEY'S FEES. Holding Lee's second assignment of error to be of merit, we reverse and remand for a factual determination by the chancellor as to the amount of child support due under the otherwise valid monthly and lump-sum awards. In the interest of expediting this matter we have elected to address Lee's other assignments of error, which we hold to be without merit.

FACTS
¶ 2. The illegitimate child whose support and maintenance is at the center of this controversy, Dominique Stewart [hereinafter illegitimate child], was born to Katrice Summerville [hereinafter mother] in July of 1987. In December of 1994 the Mississippi Department of Human Services [hereinafter DHS] filed this action to obtain reimbursement from the illegitimate child's natural father for the public funds DHS had provided to the illegitimate child under the Aid for Dependent Children program. Subsequent to the filing of this action DHS's attorney was replaced by private counsel, who filed an amended complaint. Although the style of the case indicates that this matter is a suit by the mother against the father (Lee), DHS and Lee are the real parties in interest. Any child support obligations incurred by Lee as a result of this action are his liability to DHS, not to the mother. On appeal Lee does not contest the chancery court's adjudication that he is the natural father of the illegitimate child at issue.

ANALYSIS

I. THE CHANCELLOR ERRED IN AWARDING ONE YEAR'S SUPPORT. THE PLEADINGS DID NOT REQUEST THE RELIEF.
¶ 3. With this assignment of error Lee points out that neither the original nor amended complaints against him contained a prayer for past due child support. Accordingly, it is Lee's contention that the issue of past due child support was not properly before the chancery court. Lee argues that because this issue was not included in the pleadings, it could not be considered at trial. DHS acknowledges that the pleadings contained no specific prayer for past due child support. DHS, however, argues that this issue was raised at trial with Lee's implied consent when DHS raised the issue and made a claim for past due child support, yet Lee failed to object to it and instead argued the merits of this newly-raised issue. We agree with DHS.
¶ 4. Lee is correct in arguing that evidence pertaining to issues not contained in the pleadings generally may not be presented at trial, nor may a trial court award relief on a point not pleaded. Queen v. Queen, 551 So.2d 197, 199 (Miss.1989). In Queen our supreme court held that "[w]here a party offers proof on an issue not pleaded ... her opponent upon timely and proper objection may of right demand that the evidence be excluded." Queen, 551 So.2d at 200 (citing Rankin v. Brokman, 502 So.2d 644, 646 (Miss.1987)). This rule, however, clearly requires that a timely objection to evidence at *1096 variance with the pleadings be made. Queen, 551 So.2d at 199. In cases such as with the facts at bar "[w]here a party offers no timely objection, we treat the issue as having been tried by implied consent." Atkinson v. Nat'l Bank of Commerce of Miss., 530 So.2d 163, 166 n. 2 (Miss.1988). Accordingly, because the trial transcript indicates that Lee offered no objection when this issue was raised at trial, but instead elected to argue on its merits, we hold that this issue was tried with Lee's implied consent. This assignment of error is without merit.

II. THE CHANCELLOR ERRED IN AWARDING $214 PER MONTH CHILD SUPPORT. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE AWARD. ADDITIONALLY, THE AMOUNT AWARDED WAS GROSSLY EXCESSIVE.
¶ 5. Lee contends that the chancery court's order that he pay $214 per month in child support was not supported by sufficient evidence of his monthly earnings. It is also Lee's contention that an award of $214 per month in child support exceeds the amount allowed by the child support guidelines contained in Section 43-19-101 of the Mississippi Code. Lee further argues that the chancellor's award of a lump-sum of $3,424 in past due child support was erroneous. DHS responds that there was ample evidence before the court by which it could ascertain Lee's monthly earnings. According to DHS's calculations, $214 per month is within the guidelines prescribed by Section 43-19-101. DHS argues that the lump-sum award of past due child support did not offend the limitations on child support recovery contained in Section 93-9-11 of the Mississippi Code.
¶ 6. We hold that although the chancellor's award of monthly and lump-sum child support was proper, the chancellor erred in calculating the amounts of these awards. We hold that the chancellor erred in his ascertainment of Lee's adjusted gross income, as defined in Section 43-19-101(3), thereby causing the monthly and lump-sum amounts to be excessive. Accordingly, we reverse only the amounts awarded and remand this matter back to the chancellor so that he may recalculate the amount due under each of these otherwise valid awards. The chancellor shall base the amounts awarded upon Lee's monthly adjusted gross income as calculated per Section 43-19-101(3).
¶ 7. Section 43-19-101 establishes a rebuttable presumption as to the amount of child support to be awarded. Miss.Code Ann. § 43-19-101 (Rev.1993). These guidelines are binding unless the chancellor makes specific on-the-record findings showing that application of the guidelines "would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103." Miss.Code Ann. § 43-19-101(2) (Rev.1993). At trial one of Lee's pay check stubs was entered into evidence. While neither the stub nor evidence adduced at trial explicitly stated how often Lee was paid, the record contains numerous references to Lee's weekly earnings and the various deductions made from his weekly check. In particular, Lee himself refers to an eight dollar per week deduction from his check to cover his illegitimate child's health insurance policy premiums. Considering this credible evidence and the fact that Lee offered no evidence to the contrary, we cannot hold that the chancellor was manifestly in error in concluding that the pay check stub represented Lee's weekly income. See Cotton v. McConnell, 435 So.2d 683, 685 (Miss.1983) (holding that appellate court would not reverse factual determination of trial judge sitting without jury where there was substantial evidence to support judge's findings).
¶ 8. Although the chancellor was correct in finding the pay check stub to be evidence of Lee's weekly earnings, we hold that the chancellor erred in computing Lee's monthly adjusted gross income. Section 43-19-101 provides that in cases where the support of one child is at issue, fourteen percent of the defendant parent's monthly adjusted gross income should be awarded as child support. Miss.Code Ann. § 43-19-101(1). Section 43-19-101 defines "adjusted gross income" as the defendant's gross income "from all potential sources" (with certain enumerated exceptions), minus legally mandated deductions such as federal, state, and local taxes, social security contributions, involuntary retirement and disability contributions, *1097 legal child support obligations to other children, etc. Miss.Code Ann. § 43-19-101(3) (Rev.1993).
¶ 9. Under the facts at bar the chancellor calculated Lee's child support obligations based upon Lee's monthly gross income without subtracting the legally mandated deductions for taxes, social security, and non-voluntary retirement and disability contributions. While Lee argues that his paycheck deductions for medical insurance, 401K retirement fund, and credit union account should also have been subtracted, these do not appear to be mandatory deductions. Under Section 43-19-101 (3) these deductions must be reflected in the monthly "adjusted gross income" figure which is multiplied against the appropriate percentage of child support due. Although the fourteen percent guideline followed by the chancellor was the appropriate percentage to use, because he failed to correctly ascertain Lee's monthly adjusted gross income, the resulting monthly and lump-sum child support amounts the chancellor arrived at were incorrect. We note that fourteen percent of Lee's correct monthly adjusted gross income would be $191.17, which is within twenty-five dollars of the chancellor's award of $214. It is within the chancellor's discretion to deviate from the statutory fourteen percent guideline, but it is incumbent upon him to clearly state his reasons for taking such action. Since Despite Lee's protest to the contrary, the lump-sum award of past-due child support for the period of July 1, 1995 through November 1, 1996 did not violate the limitation established in Section 93-9-11 of the Mississippi Code, because it did not cover a period of time more than one year immediately prior to the filing of this action (which occurred in December of 1994). See Miss.Code Ann. § 93-9-11 (Rev.1994) (stating that liability for past child support is "limited to a period of one (1) year next preceding the commencement of an action"). Accordingly, we remand this matter to the chancellor so that he may recalculate the amount of the two awards using Lee's adjusted gross income as derived from the calculation enumerated in Section 43-19-101(3). We leave the child support awards otherwise unaltered from the terms of the chancellor's order.

III. THERE WAS NO EVIDENCE TO SUPPORT AN AWARD OF ATTORNEYS' FEES.
¶ 10. With his final assignment of error Lee argues that "[t]he [c]ourt normally requires some proof of the attorney's ability and takes into account other work which the attorney may have been precluded from taking due to this case. None of the proof was presented in the case at bar, and thus no attorney[s'] fees should have been awarded." DHS responds that Section 93-9-45 of the Mississippi Code makes the assessment of attorneys' fees mandatory when an award of child support is entered, thus "the award of attorneys' fees was reasonable in this matter and should be affirmed." This Court, however, observes that Lee's appellate brief on this issue contains absolutely no citation to any legal authority. Accordingly, because Lee has failed to cite any legal authority in support of his argument we will not consider this assignment of error. See Sumrall v. Miss. Power Co., 693 So.2d 359, 368 (Miss.1997) (holding that appellant bears burden of persuasion on appeal and that appellate courts will not consider issues on appeal for which no supporting authority has been cited).
¶ 11. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED EXCEPT AS TO THE AMOUNT OF CHILD SUPPORT DUE. THE AMOUNT OF CHILD SUPPORT DUE IS REVERSED AND REMANDED FOR A FACTUAL DETERMINATION UNDER THE GUIDELINES ESTABLISHED BY SECTION 43-19-101 OF THE MISSISSIPPI CODE. COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE DEPARTMENT OF HUMAN SERVICES AND LEE.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.