BRIDGES, J.,
dissenting:
¶ 24. With all due respect to my colleagues in the majority, I would reverse the decision of the lower court and find that Mrs. Ridgely is not entitled to federal income tax exemptions on both of the couple’s children. Ridgely was seeking modification of the original divorce decree whereby Peters had been awarded the right to claim tax exemptions for both of the couple’s minor children. When one is coming into court requesting that there be a modification of any kind in the original divorce decree, one must prove that there has been a material or substantial change in circumstances warranting the change. Shipley v. Ferguson, 638 So.2d 1295, 1298 (Miss.1994). First, I do not believe that there is sufficient proof in the record to support Ridgely’s contention that there was, in fact, a material change in circumstances warranting that the right to claim the exemptions be taken away from Peters and given to her. Secondly, it is my opinion that the chancellor was in error when he simultaneously found that there had been no change in circumstances since the original divorce decree, but still Ridgely was entitled to claim tax exemptions on both children as a modification of the original decree. I find that this reeks of inconsistency because, as previously mentioned, a modification cannot be had without such a material change in circumstances.
¶ 25. In his judgment, which is found in the record of this case, the chancellor plainly states his opinion that there was no evidence showing a significant or material change in the parties’ circumstances since the original divorce decree. However, he proceeded to modify the decree even after *1026 this crucial finding. When the chancellor made this statement, he went on to indicate that the arrangements regarding child custody should not be changed because of the lack of change in circumstances. It is clear that drastically amending the arrangement as to which parent is permitted to claim one or both of the children as dependents on their income tax returns qualifies as a modification of the original’ divorce decree and would require a material change in the circumstances of the parties just as would a change in custody, alimony, property settlements or any other element of the divorce decree. Id.; Morris v. Morris, 541 So.2d 1040, 1042-43 (Miss.1989). I cannot join the majority in affirming such an inconsistent judgment on the part of the lower court. I find it quite contradictory to say, as the majority does, that the chancellor’s decision to modify the decree should be affirmed in full, yet disagree with his opinion that there was, in fact, no material change in circumstances in this case warranting any type of modification. I do not believe that we can have our cake here and eat it too, so to speak. As such, I would reverse on this issue.
¶ 26. Because I believe that Ridgely should not prevail on the first issue, I find that the issue of whether the chancellor was manifestly wrong in modifying the judgment of divorce by giving Ridgely the right to claim these tax exemptions on both children despite the fact that she only asked for an exemption for one child in her pleadings is moot. Notwithstanding that observation, I find it necessary to address that issue because even had the chancellor found that there was a material change in circumstances, I would nevertheless reverse on this point. The majority seems to rely quite heavily on the general relief clause included in Ridgely’s complaint in this cause of action. However, I do not believe that the chancellor’s judgment can apply to such a catch-all request for a remedy. Looking to the law on this subject, I am satisfied that the chancellor erred in transferring this right to claim tax exemptions on both children from Peters to Ridgely. The Mississippi Supreme Court opined that “under the general prayer, any relief will be granted which the original bill justifies and which is established by the main facts of the case, so long as the relief granted ‘will not cause surprise or prejudice to the defendant.’” Smith v. Smith, 607 So.2d 122, 127 (Miss.1992) (citing Holleman v. Holleman, 527 So.2d 90, 93 (Miss.1988)). I find that not only was Peters ambushed by the court’s decision to take away all of his previous rights to claim tax exemptions on both of his children with Ridgely, but he was also prejudiced in that I believe that this judgment was used as a punishment for IRS violations that Ridgely never even proved existed as a circumvention of the requirement of showing a material change in circumstances.
¶ 27. I am quite aware of the rule that permits parties, with the approval of the court, to amend their pleadings to conform to the evidence and issues at hand. Shipley, 638 So.2d at 1300; M.R.C.P. 15. However, Ridgely made no requests to amend her complaint or for the court to amend her complaint here. Further, I am also mindful of the rule that provides that it is allowable for the court to amend the pleadings without such a request by the parties if the court feels it is warranted after the presentation of the merits of the case. Id. Even so, looking to its prior decision in Queen v. Queen, 551 So.2d 197, 201 (Miss.1989), the Mississippi Supreme Court recognized the language in Rule 54(c) of the Mississippi Rules of Civil Procedure which provides that, “final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or *1027 amended pleadings.” M.R.C.P. 54(c). In my opinion, a judgment awarding a party the right to claim both of his children as dependents on his tax returns qualifies as a monetary judgment because it serves to improve one’s financial situation and brings with it more economical benefits. As such, I find that M.R.C.P. 54(c) would apply here and would serve to prevent Ridgely from being awarded a greater monetary judgment than that for which she asked in her original complaint.
¶28. While the court in Queen ultimately granted the extra relief sought by the appellee in that case even though that added relief fell outside the prayer in her pleadings, its decision to do so was based on circumstances that do not present themselves here. In Queen, where the court was dealing with an alimony dispute, the majority provided that alimony was “so much a matter within the discretion of the chancery court” that the appellee’s amended complaint requesting more alimony was sufficient to empower the court to award it to her. Queen, 551 So.2d at 202. However, in the instant case, we are not dealing with an amended complaint regarding a change in alimony payments. Rather, the issues here are tax exemptions and abuse and violations of the IRS regulations-a matter not so much procedurally familiar to the chancery court as with an alimony dispute. It is my opinion that the chancery court should not have engaged in punitive or disciplinary actions against Peters for his alleged abuse of the tax system, least of all by modifying his divorce decree to his detriment without the required material change in circumstances. Determining whether Peters was partaking in activities that were violative of the IRS Code and/or whether action should be taken against him and, if so, what action, are not issues before this Court and were not issues before the chancellor.
¶ 29. In Nichols v. Tedder, 547 So.2d 766, 771 (Miss.1989), the Mississippi Supreme Court ruled that it is within the chancery court’s discretion to award the right to claim tax exemptions for dependent children to the non-custodial parent when necessary, especially where the custodial parent waives his or her right to that exemption. Here, it is clear that Ridgely waived her right to claim the tax exemption as a part of the original divorce decree because, at the time the judgment of divorce was granted, she accepted such judgment without arguing that she should be entitled to such exemptions herself. Only now, by claiming a material change in circumstances, does Ridgely request in her complaint that she be awarded a tax exemption on one of the couple’s children. The fact that she only requested the right to an exemption on one child implies to me that she would not have objected to Peters receiving the exemption for the remaining child.
¶ 30. Despite the opinion of my esteemed colleagues in the majority, I would vote to reverse this matter and deny Ridgely the right to claim exemptions on both of the couple’s children as I do not believe that Ridgely sufficiently proved a material change in circumstances. Further, I believe the chancellor erred in rendering a judgment that I find to be irreconcilable with the law on modification of divorce decrees.
SOUTHWICK, P.J., and IRVING, J., join this separate opinion.