LEE, P.J.,
Dissenting:
¶ 23. I disagree with the majority’s af-firmance of the chancellor’s order to dismiss this case with prejudice. I find that the record provides evidence, when reviewed in the light most favorable to the appellants, to support a conclusion of fraud. The majority declines to explain in detail why Stephanie Summers maintained her silence when she was incorrectly perceived and introduced as Lillie Poe’s daughter. The majority further turns a blind eye to how the party’s perception of Stephanie’s true identity materially altered the conveyance.
¶ 24. The majority claims Stephanie had no underlying fiduciary duty to identify herself to the appellants because she was not acting on their behalf, was not in a trust relationship with them, or was not maintaining dominion or control over them. To the contrary, I would argue that the appellants did indeed perceive themselves as in a trust relationship with Stephanie because they honestly believed her to be a member of their extended family. *136 A fiduciary duty exists “where one person or institution assumes a trust relationship with another, such that the former, as a matter of choice or legal obligation, assumes the responsibility to act in the best interest of the latter, even to the detriment and peril of the best interests of the former.” Roman Catholic Diocese of Jackson v. Morrison, 905 So.2d 1213, 1239 (¶ 82) (Miss.2005). From the perspective of the appellants, it is reasonable to believe they expected Stephanie to disclose any material facts to them prior to the transaction. It is also clear to me that the appellants believed Stephanie was Poe’s daughter. The depositions of Walter and James Ingram, trial testimony of Mae Helen Douglass, and prior phone discussions regarding the transaction confirm this belief.
¶ 25. Stephanie did not disclose her true identity. Her true identity was a material fact because the family intended to convey-the property to a family member. Stephanie, who was not a member of their family, refrained from disclosing this fact, and, thus, breached her duty to disclose her identity. As a result, a non-family member received title to the property. Thus, the majority’s affirmation approves Stephanie’s use of trickery to fraudulently entice the appellants into the conveyance.
¶ 26. I would also argue that Stephanie possessed a “duty to disclose” her true identity because she was a party to a business transaction. The duty to disclose is based upon a theory of fraud that recognizes that the failure of a party to a business transaction to speak may amount to the suppression of a material fact which should have been disclosed and is, in effect, fraud. Welsh v. Mounger, 883 So.2d 46, 49(¶ 11) (Miss.2004). The Restatement (Second) of Torts § 551 (1977) outlines when a “duty to disclose” arises in a business transaction. It states:
(1) One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.
(2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated,
[[Image here]]
(b) matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading; and
[[Image here]]
(e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the • other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.
¶ 27. It is illogical to believe Stephanie possessed any other reason to remain silent about who she was except that she knew any reference to her true identity would likely have ended the transaction and prohibited her from obtaining the property. She knew the parties were conveying the property with the belief that she was Poe’s representative. She was under a duty to exercise reasonable care to disclose facts that could have justifiably induced the appellants to act or to refrain from acting in a contrary matter to the transaction. Her identity was a fact basic to the transaction; it likely would have altered the transaction; and the mistaken identity was not known. Thus, using the *137 Restatement’s guidelines, Stephanie breached her duty to disclose.
¶ 28. Furthermore, this Court has recognized that an omission or concealment of a material fact may constitute a misrepresentation. Rankin v. Brokman, 502 So.2d 644, 646 (Miss.1987). The elements of fraud were stated in the majority’s opinion, and I believe that elements are satisfied here in regard to a concealed material fact: A false and material representation was made that Stephanie was Poe’s daughter; Stephanie heard the falsity uttered with her own ears and did nothing to remedy the matter; Stephanie wanted Douglass and the Ingrams to believe she was Poe’s daughter because she wanted the land; Douglass and the Ingrams relied on the false information that she was Poe’s representative; and the damaging result was that their land was conveyed to someone outside their family, which was against their expressed intent.
¶ 29. For these reasons, I respectfully dissent.
BARNES, J., JOINS THIS SEPARATE OPINION. CARLTON, J., JOINS THIS SEPARATE OPINION IN RESULT ONLY.