# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2010

Lyle W. Cayce
Clerk

No. 10-60367
Summary Calendar

EDITH CAROLYN FRYAR; ROBERT B. FRYAR RESIDUARY TRUST,
Patrick B. Mason, Trustee,

> Plaintiffs–Appellants

v.

SAV-AMIL, LIMITED LIABILITY CORPORATION; ALAN NUNNELEE,
Individually and in his capacity as President of Sav-Amil, Limited Liability
Corporation; STEVE HAMMACK, Individually and in his capacity as
Treasurer of Sav-Amil, Limited Liability Corporation

> Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:08-CV-63

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edith Carolyn Fryar and the Robert B. Fryar Residuary Trust ("the Fryar
Trust") (collectively known as "the Fryar family") appeal the district court's
entry of judgment in favor of appellees after a three–day bench trial.  The Fryar

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60367

family sold Sav–Amil, LLC ("Sav–Amil")—a company owned by Alan Nunnelee and Steve Hammack—roughly 3,600 acres of land in Mississippi and Tennessee in December of 2004. The Fryar family previously reached an agreement to sell the land under different terms to Nunnelee in November of 2004. Edith Fryar was unaware that the terms of the November and December agreements were different when she signed the December agreement. The Fryar family sued the defendants for breach of the November 2004 agreement in state court in March 2008, which defendants removed to federal court. The district court entered judgment in favor of defendants, ruling, *inter alia*, that the December 2004 agreement could not be rescinded due to Edith Fryar's unilateral mistake. Because the Fryar family has failed to establish that it qualifies for equitable relief due to unilateral mistake or that the December agreement should otherwise not be enforced, we affirm the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Fryar family operated the Robert B. Fryar Sawmill in Tippah County, Mississippi which eventually fell on hard economic times. On November 5, 2004, Edith Fryar entered into an agreement with Nunnelee to sell approximately 3,600 acres of land for $1.7 million. That agreement included a right of first refusal and the right to repurchase the land, and provided that Nunnelee would pay the taxes and closing costs. The parties subsequently executed leases regarding the sawmill property and equipment, whereby the Fryar family agreed to pay Nunnelee $1,000 per month. Nunnelee subsequently advanced $216,000 to Robert Allen Fryar, Edith Fryar's son, to cover the sawmill's operating costs.

On December 30, 2004, appellants and appellees attended a closing at the law office of Gifford, Allred, Tennison, and Smith in Ripley, Mississippi to convey 3,508 acres from the Fryar trust and Edith Fryar to Sav–Amil for $1.98 million. The December agreement did not include a buy-back provision or a right of first refusal, and appellants were charged with paying the taxes and closing costs.

No. 10-60367

The payment amount was made in satisfaction of loans made by the Federal Land Bank and the Small Business Association to the sawmill, and included a lease of the sawmill property and equipment back to the Fryar family for $2,500 per month. At the closing were the appellants and appellees, the closing attorneys, a representative of Federal Land Bank, and Robert Allen Fryar. Fryar signed the December agreement without reading it or having anyone else read it to her.

The parties entered into a Cancellation of Lease Agreement terminating the Fryar family's lease of the sawmill and its equipment in March of 2006. The parties signed a First Right of Refusal with Option to Purchase certain tracts of property on April 12, 2006, and Sav–Amil issued notices of right of first refusal to the Fryar family shortly thereafter, which the Fryar family declined to exercise. In mid-2007 and early 2008, appellants attached a *lis pendens* to property conveyed-away by Sav–Amil, and brought suit in the Circuit Court of Tippah County on March 17, 2008 alleging, *inter alia*, breach of the November agreement. Appellees removed the case to federal court on June 2, 2008. The district court held a three-day bench trial from August 31, 2009 through September 2, 2009, after which appellants argued in their post-trial brief that they had also proven the additional causes of action of fraudulent inducement and procedural and substantive unconscionability. The district court issued a final judgment on December 10, 2009, ruling, *inter alia*, that the December 2004 contract was the relevant agreement between the parties, that it was not unconscionable, that appellants were not fraudulently induced to enter into it, and that it could not be rescinded due to Edith Fryar's unilateral mistake. The Fryar family filed a motion to alter or amend judgment which was subsequently denied, and timely filed the instant appeal.

No. 10-60367

## II.  JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291.  Following a bench trial, we review the district court's legal determinations de novo and its factual findings for clear error.  *Flint Hills Resources LP v. Jag Energy, Inc.*, 559 F.3d 373, 375 (5th Cir. 2009).

## III.  ANALYSIS

Appellants argue that the December agreement should be rescinded due to Edith Fryar's unilateral mistake and argue that the December agreement should not be enforced because it lacked consideration, appellees fraudulently induced Edith Fryar to enter into the December agreement, and because it was procedurally unconscionable.

It is undisputed that Edith Fryar did not read the terms of the December agreement before signing it and that she did not have anyone else present at the closing read it to her or on her behalf.  Nor, apparently, did Pat Mason, the trustee of the Fryar Trust.  Under Mississippi law, contracting parties are bound by what they sign and are charged with knowing the contents of any contract they sign.  *Bailey v. Estate of Kemp*, 955 So. 2d 777, 783 (Miss. 2007); *Andrus v. Ellis*, 887 So. 2d 175, 180 (Miss. 2004).  "A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him."  *Andrus*, 887 So. 2d at 180; *Turner v. Terry*, 799 So. 2d 25, 36 (Miss. 2001) ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence.").  The Fryar family therefore cannot ordinarily back out of the December agreement simply because they did not read its contents before they signed it.

### A.     Unilateral Mistake

Under certain circumstances a court has discretion to fashion equitable relief and undo the transaction.  The Mississippi Supreme Court has provided a four-part test which gives courts discretion to award equitable relief:

4

No. 10-60367

> [i] But where the mistake is of so fundamental a character, that the minds of the parties have never, in fact, met; or where an unconscionable advantage has been gained, by mere mistake or misapprehension; and [ii] there was no gross negligence on the part of the plaintiff, either in falling into the error, or in not sooner claiming redress; and [iii] no intervening rights have accrued; and [iv] the parties may still be placed in *statu quo*; equity will interfere, in its discretion, in order to prevent intolerable justice.

*Crosby–Miss. Res., Ltd. v. Prosper Energy*, 974 F.2d 612, 618 (5th Cir. 1992) (quoting *Miss. State Bldg. Comm'n v. Becknell Constr., Inc.*, 329 So. 2d 57, 60–61 (Miss. 1976)) (internal quotation marks omitted, numbering added in *Prosper*). It therefore "remains the obligation of a court of equity to determine whether, despite [a party's] misjudgment, it would be inequitable and fundamentally unjust not to grant relief from [an] honest but negligent mistake." *Id.* at 619.

For purposes of this appeal, the Court will assume Edith Fryar was unaware of the terms of the December agreement and that the different terms were so fundamental that there was no meeting of the minds. Appellants have nonetheless failed to meet their burden for two reasons, first among them being that appellants have failed to establish the two other elements necessary under the *Becknell* test: that no intervening rights have accrued or that the parties can still be placed back in the status quo. Several tracts of land previously owned by the Fryar family have apparently been sold by Sav–Amil to other buyers, and appellants have not argued that they have the resources to pay back the $1.98 million they received for the land in 2006 or even the $280,000 difference between the November and December contract prices. While the record on these fronts is inconclusive such that the Court cannot say that there is no way the parties could be put in the status quo—whether that would be in a contract under the terms of the November agreement or with no contractual relations to each other at all—it remains the appellants' burden to prove that theirs is a case which qualifies for equitable relief. They have not done so.

No. 10-60367

Second, even if all four elements of the *Becknell* test were met, the Court retains discretion to award equitable relief "in order to prevent intolerable justice." *Becknell*, 329 So. 2d at 61. Appellants are not barred from such relief due to their negligent failure to read the December closing documents, but "as a general proposition, equity will not act to rescind a contract where the mistake was induced by the negligence of the party seeking rescission." *Turner v. Terry*, 799 So. 2d 25, 36 (Miss. 2001). While the Fryar family has suffered personal and economic misfortunes over the years, they have failed to carry their burden to show that it would be fundamentally unjust to hold them to the terms of the December contract. Testimony at trial showed that the Fryar family eventually entered into a separate contract for first right of refusal and right to purchase their previously owned land—the "*raison d'etre*" of the November agreement—and that they could not afford to repurchase the land when offered. While it may never have been Edith Fryar's plan to permanently sell the family land holdings when she signed the December agreement, the evidence at trial was that this outcome would have happened had the November agreement still been in effect. The Fryar family clearly faced difficult financial choices in 2006 and 2007, but the court will not exercise its discretion to provide them relief to undo decisions regarding their land that they might now regret.

## B.    Other Arguments

Appellants also argue that the December agreement should not be enforced for three reasons: (1) it is void for lack of consideration, (2) appellees fraudulently induced Edith Fryar to enter into the December agreement, and (3) because of procedural unconscionability. While these arguments are phrased as needed to be addressed only if the Court agrees that the December agreement should be rescinded, they nevertheless amount to a direct attack on the December agreement itself. With regard to the lack of consideration argument,

6

No. 10-60367

this is clearly erroneous as the December agreement gave appellants $280,000 more for their land than the November agreement provided for.

Appellants' fraudulent inducement and procedural unconscionability arguments were thoroughly and accurately addressed by the court below such that an extended discussion here would be repetitive. In brief, appellants' fraudulent inducement claim fails because they had no right to rely on any oral representations made to them which contradict the plain language of the December agreement, *Rankin v. Brokman*, 502 So. 2d 644, 646 (Miss. 1987), and appellants did not prove by clear and convincing evidence that any other representations regarding the future sale of the land were made. Likewise, appellants' procedural unconscionability argument falls flat because there is no evidence that Edith Fryar was prevented from consulting her attorney, Pat Mason, or her son, or that she lacked the opportunity to ask for help, ask questions, have the documents read to her, or walk out of the closing if she disagreed with the terms of the December agreement.

## IV.  CONCLUSION

The district court correctly ruled that the December agreement should not be rescinded due to Edith Fryar's unilateral mistake, or that it was not otherwise unenforceable due to procedural unconscionability, a lack of consideration, or fraudulent inducement. We therefore affirm the district court's entry of judgment in favor of Sav–Amil.

AFFIRMED.